HALLENBECK v. POWERS & WALKER CASKET CO.

1. CORPORATIONS—OFFICERS—IMPLIED AUTHORITY.
    The apparent authority of the officers of a corporation, arising
    from a course of dealing, is not available for the purpose of
    charging the corporation with acts not within their actual
    authority, to one who did not know of such course of dealing
    at the time of the acts in question.[1]

2. SAME—BY-LAWS—NOTICE.
    A by-law of a corporation, limiting the authority of its officers
    to enter into contracts in its behalf, is binding upon persons
    who contract with such officers with knowledge of the by-law.

Case made from Kent; Adsit, J.   Submitted June 8,
1898.   Decided July 18, 1898.

*Assumpsit* by Adelbert W. Hallenbeck against the
Powers & Walker Casket Company for the breach of an
alleged contract of employment.   There was a judgment
for defendant, and plaintiff assigns error.   Affirmed.

*Uhl, Hyde & Earle*, for appellant.

*C. H. Gleason* (*Arthur Lowell*, of counsel), for appel-
lee.

MONTGOMERY, J.   This case comes up for review on a
special finding of facts by the trial judge.   As the evi-
dence is not before us, the only question which we can
consider is whether the finding supports the judgment.
The substance of the finding may be stated briefly: The
defendant is a corporation engaged in the manufacture,
purchase, and sale of burial cases, caskets, and undertakers'
goods and supplies.   The articles of association of said

---

[1] The powers of the president and vice president of a corporation
are considered at length in a note to *Wait* v. *Nashua Armory Ass'n*,
(N. H.) 14 L. R. A. 356.

corporation provide that the stock, property, affairs, and business of the corporation shall be managed by four directors, to be chosen annually by the stockholders, and that the directors shall choose one of their number to be president, one to be vice president, and one to be secretary and treasurer, and that the board of directors shall have power to employ such superintendents, clerks, agents, and other employés as they shall deem proper, and shall manage and direct the entire business affairs of the corporation. The by-laws of the corporation provide that the board of directors shall appoint and employ and have power to remove clerks, superintendents, agents, and other employés necessary or proper, in their judgment, for the best interests of the corporation, and prescribe rules for the government of the business and employés, and fix their compensation. They also provide that all notes, obligations, and contracts of the corporation shall be signed by the president, and countersigned by the secretary and treasurer. On the 13th of June, 1895, the plaintiff had an interview with William E. Cox, secretary and treasurer of defendant, in the presence of Joseph H. Walker, president of the defendant. It was proposed that defendant employ the plaintiff as a resident buyer in New York, paying him $25 a month as retainer, and 1 per cent. on goods purchased; it being understood that the plaintiff was to be employed by several others in a like capacity, the scheme being to secure, by co-operation, better prices. The plaintiff was informed by Mr. Cox that he was willing, so far as he was concerned, to enter into such a contract, but, before it could go into operation, it would be necessary to have it approved by defendant's stockholders or board of directors. A contract to go into effect July 1, 1895, and continue to January 1, 1897, was thereupon drawn up, and signed, on behalf of defendant, by Mr. Cox, as secretary and treasurer, and also signed by plaintiff. At the same time the plaintiff gave back to Mr. Cox a memorandum as follows:

"If, at a meeting of the stockholders, they decide it is

not best to enter into the contract with me, the contract is null and void, and to be returned to me to destroy.

"Contract signed June 13th."

Plaintiff was informed by Mr. Cox, in the presence of Mr. Walker, that the stockholders would meet before July 1, 1895. No meeting was in fact held until September following. On June 24, 1895, without the knowledge or approval of any director or stockholder, Mr. Cox wrote plaintiff as follows:

"We have further considered the matter of entering into an arrangement with you, such as indicated by contract, and decided to allow our contract to remain in force."

This was signed in the defendant's name, by William E. Cox, treasurer.

Plaintiff made arrangements to carry out the contract with defendant and others, and incurred some obligations in so doing. Defendant also sent one or two orders to plaintiff to be filled. This service was performed by plaintiff. On the 27th of September, 1895, a meeting of the stockholders was held, and the contract with plaintiff was disapproved, and similar action was taken on the same day by the board of directors. This action was advised by Mr. Cox after having taken the opinion of a lawyer as to the binding effect of the contract with plaintiff, and as to the steps necessary to disapprove it, and avoid liability thereunder. The finding shows that the board of directors met only at intervals of several months, the dates being January 30, 1894; January 29, 1895; March 4, 1895; April 20, 1895; September 27, 1895; December 13, 1895; January 28, 1896. It was further found:

"Mr. Cox has been the secretary and treasurer of the defendant from several years before 1895, up to the time of the trial. The financial matters of defendant have during this time been under his control, but in important matters he always consulted Mr. Walker, the president. Mr. Cox, during the time aforesaid, had charge of the buying for defendant, except the buying of machinery, lumber, and general factory supplies. This, Mr. Walker attended to. In important purchases in Mr. Cox's depart-

ment, if it was anything extraordinary, he consulted with Mr. Walker, and Mr. Walker conferred with him about purchases in his (Walker's) department. * * * The matter of the employment of men on the road, or the purchase or selling of goods, did not come before the board. The only salaried members of the board of directors were Messrs. Walker and Cox. After the death of Mr. William H. Powers, Messrs. Walker and Cox carried on the business of defendant; *i. e.*, the manufacturing, buying, and selling, and hiring traveling men, and fixing their salaries, except as to the matters acted on by the board of directors, as above stated. Mr. Cox bought thousands of dollars worth of goods for defendant without consulting the board of directors. The traveling men were hired for no specific time, and were subject to discharge at any time. Neither Mr. Walker nor Mr. Cox ever entered into a written contract on behalf of defendant, except letters and orders for goods, without first having a vote of the stockholders or of the board of directors authorizing it."

The circuit judge found as a conclusion of law that—

"Inasmuch as the agreement sued upon was never approved by the stockholders of defendant, but was disapproved by them, and also by the board of directors, the agreement never became operative, and plaintiff has no right of action."

The finding undoubtedly established such a course of dealing on the part of Mr. Cox as would, to one having knowledge of such dealing, be evidence of extended power, and as to one cognizant of the continued exercise of such authority, and with no knowledge of the restrictions placed upon him by the by-laws of the company, the course of dealing was such as to constitute a holding out of Mr. Cox as one authorized to transact most of the affairs of the corporation, so far as they concerned the purchase and sale of wares or the means of accomplishing either. But in this case there is no finding that the plaintiff had any previous dealing with the defendant, or that he knew of the several acts of authority exercised by Mr. Cox. On the contrary, the finding is that he was informed

by Mr. Cox that, before the contract could go into operation, it would be necessary to have it approved by the defendant's stockholders or board of directors. It is also a fact that the by-laws of the company did confer the power upon the board of directors. With this finding of fact binding upon this court, we must hold that the plaintiff is not in a position to rely upon a holding out of the agent as having authority in excess of that which he in fact possessed. Plaintiff, having notice of the limitations on Mr. Cox's authority, was bound to see to it that those having authority had assented to this contract. *Rice* v. *Peninsular Club*, 52 Mich. 87; 4 Thomp. Corp. § 4887.

It is true, as contended by plaintiff, that by-laws of a corporation do not ordinarily bind third persons. 2 Beach, Mod. Cont. § 999; *Union Mutual Life Ins. Co.* v. *White*, 106 Ill. 67. But the reason why this is so is that persons dealing with the agents of corporations are justified in assuming that they possess such power as their employment would generally indicate, and are not bound to take notice of limitations of such power fixed by the by-laws. When, however, the third person dealing with an agent has direct notice of limitations placed upon his authority, it would be perversion of that salutary rule to hold that he may ignore such notice, and fall back upon what would otherwise have been apparent authority.

The judgment will be affirmed.

The other Justices concurred.