(50 App. Div. 579.)

ODELL v. WEBENDORFER.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. STATUTE OF FRAUDS—RESTATEMENT OF CONTRACT.
    Where an oral contract of employment for a year from the following 1st day of April was made in March, the contract was not exempted from the operation of the statute of frauds, and validated by the restating of the terms of the contract between the parties on the 1st day of April.

2. MASTER AND SERVANT—DISCHARGE OF SERVANT—DAMAGES—VALUE OF PRIVILEGES.
    Where, in an action by an employé to recover damages from his employer for discharging him before the expiration of the term, it was shown that by the terms of the contract he was to have free house rent, use of horse, etc., but the money value of such privileges was not shown, it was error to permit the jury to consider such items in the assessment of damages.

Appeal from Dutchess county court.

Action by William D. Odell against Henry Webendorfer for damages for his wrongful discharge from the service of defendant. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Allison Butts, for appellant.
Charles Morschauser, for respondent.

HIRSCHBERG, J.   The plaintiff alleges that he was hired by the
defendant on April 1, 1898, to work his farm for one year, and to
furnish an additional man, for which he was to be paid $60 a month,
and to receive house rent, a horse once a week, four quarts of milk
per day, potatoes, apples, and stable room.   He claims that he was
unlawfully discharged December 1, 1898, and sues for his money
wages during the remainder of the term, and for the value of the
"privileges."   The defendant denied that the hiring was for a year,
alleged that the discharge was for adequate cause, and pleaded the
statute of frauds.   The agreement for hiring, as stated by the plain-
tiff, was oral, and was made in the middle of March, 1898, for a
year, to commence April 1, 1898.   The plaintiff claims that the
agreement was renewed April 1, 1898, but his evidence would seem
to be limited to proof that its terms were merely restated, and that
no new contract was actually entered into on that day.   He said on
direct examination:

"Q. Was this talk the 1st of April?   A. We were mentioning over what
it was already understood.   Q. What was the talk?   A. That was it.   Q. Did
you have a similar talk with him before?   A. I did.   Q. What was the occa-
sion of your speaking to him that day?   A. After I made the arrangements with
Mr. Webendorfer to work for him, I heard that he didn't always stand up to
his agreements; and I thought, to make myself safe, I would repeat it there
on the 1st day of April, and have an understanding."

On cross-examination he said:

"Q. So that, when it came the 1st of April, you had no agreement to make
with Mr. Webendorfer at all?   A. Only to repeat the bargain.   Q. Answer
the question.   Did you have any further agreement with him?   Did you have
any further agreement or contract on the 1st day of April?   A. I didn't pre-
sume it was necessary, but, as I say, as I heard Mr. Webendorfer didn't al-
ways stand up to his agreements, I thought that it was necessary for me to
repeat the contract, and see if it was satisfactory.   Q. On the 1st day of April
you talked over your previous contract?   A. Yes, sir.   Q. You made no new
contract?   A. No, sir; just the previous bargain."

By the plaintiff's own showing, the contract was not made on the
1st of April.   No contract was made that day, but only the terms
of the prior contract were restated by either him or the defendant,
for the sake of certainty as to the mutual obligations.   What was
actually said on the 1st of April does not appear in the case at all.
This is not sufficient to take the case out of the operation of the
statute.   A new contract then made is requisite; that is, the former
contract should then be expressly renewed, or the employer cannot
be held bound.   Oddy v. James, 48 N. Y. 685; Berrien v. Southack
(City Ct. N. Y.) 7 N. Y. Supp. 324; Billington v. Cahill, 51 Hun,
132, 4 N. Y. Supp. 660.

It was error, also, to permit the jury to include the "privileges"
in the assessment of damages.   The plaintiff made no proof what-
ever as to the money value of the privileges, and there was there-
fore nothing in the case on which the damages created by their loss
could be estimated.   The judgment and order should be reversed,
and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the
event.   All concur.