### ODELL v. WEBENDORFER.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

NEW TRIAL—CONTRADICTORY TESTIMONY.

> The plaintiff in an action on an oral contract not to be performed within one year, to which the defendant interposed the statute of frauds, testified on the first trial that the original contract was not superseded by a separate and distinct agreement within the year, but that he had only restated the contract to defendant. A judgment in favor of plaintiff was reversed on the ground that such restatement did not take the contract out of the statute, and plaintiff testified on the second trial that a separate and distinct contract had been entered into within the year. *Held*, that it was error to set aside a verdict for plaintiff, and grant a new trial, by reason of such contradictory statements, since the question of the credibility of plaintiff was for the jury.

Appeal from Dutchess county court.

Action on a contract by William D. Odell against Henry Webendorfer. From an order setting aside a verdict of a jury in favor of plaintiff, and granting a new trial, the plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Morschauser & Wood, for appellant.
Allison Butts, for respondent.

HIRSCHBERG, J. The defendant insists that the plaintiff has not strengthened his position since he was here before, and the order appealed from is based on that theory. On the first trial the plaintiff testified that he had made an oral contract in the middle of March, 1898, to work for the defendant for one year from April 1st. In order to avoid the defense of the statute of frauds, he testified that on the 1st day of April, having then been two weeks at work under the contract, he had a conversation with the defendant which effected a renewal of the bargain, so that it could speak from that date and be performed within the year. The judgment recovered by him was reversed by this court (Odell v. Webendorfer, 50 App. Div. 579, 64 N. Y. Supp. 451), because it appeared from his evidence that on April 1st the terms of the former contract were merely reiterated, while the law required that a new contract should have been made on that day in order to take the case out of the operation of the statute. From the extracts from this evidence embraced in the opinion then written, it is quite apparent that he repudiated the idea that

any new bargain was made on April 1st, for, as he said, "I didn't presume it was necessary," but that all that was done was to repeat the terms of the previous arrangement, for the purpose of ascertaining whether or not they were satisfactory. This he stated he did because he had heard that the defendant did not always stand up to his agreements. We held, that in order to bind the employer, "the former contract should then be expressly renewed." On the new trial the plaintiff testified that on the 1st day of April, 1898, he had a separate and distinct understanding with the defendant as to what the bargain would be; that he stated to the defendant that he supposed his work was to commence that morning, to continue for the year, and that they then had an understanding, in his language, as follows:

"He [the defendant] said I was to work for the year, and have sixty dollars a month, and I was to furnish my man, and I was to have the privilege of house rent, wood, potatoes, apples, and milk, and a horse and wagon once a week. I was to pay the hired man. Mr. Webendorfer was to pay me, and I was to pay the hired man out of what Mr. Webendorfer paid me. I was to board the hired man. And under that arrangement I went to work for Mr. Webendorfer at that time."

If this conversation really was had between the parties on April 1st, being in effect a distinct renewal of the contract as previously made and agreed upon, it would serve to take the case out of the operation of the statute, notwithstanding the terms of both contracts were identical. On the second trial the plaintiff further testified that the first contract was made on Sunday and on election day, and that was one of the reasons why, to quote his words, "I took the pains to make the contract on the 1st of April again." He further testified:

"Q. How did you happen to have this talk that you speak of, with Mr. Webendorfer, on the morning of the 1st of April? A. Well, because I had heard that Mr. Webendorfer didn't always stand to his agreements, and I thought to have myself secured. I thought I would make a new arrangement on the 1st of April, and everything would be all right. Q. You thought you would repeat the bargain? A. I thought I would make the bargain."

The difference in his evidence given on the two trials is vital. On the first trial the suggestion was a mere rehearsal of the terms of the original contract for the purpose of avoiding any misunderstanding as to what they were. On the second trial he testified that the bargain was expressly renewed. His credibility was solely for the jury. Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672. In that case it was held, as per the headnote, that:

"Where the plaintiff's testimony on a new trial differs from that given by him on the first trial, and, if credited by the jury, would entitle him to a verdict, the trial court has no right to treat it as untrue as matter of law, and take the case from the jury, but should leave it to the jury to say whether the testimony is entitled to belief."

That is what the learned county judge did in this case. He submitted the question to the jury in a succinct and accurate charge, to which no exception was taken, saying:

"The plaintiff undertakes to show you that subsequently to that, on the 1st day of April, an entirely new contract was made. Now, that contract must be a new and independent agreement; it cannot be simply a corroboration of the first agreement, and nothing more. If you find that such a new contract

was made that any old contract whatever existing was wiped out in the new one spoken of on the 1st of April, then you have such a contract as can be enforced in an action of law."

He further charged, at plaintiff's request, that:

"If the new contract was made in precisely the same terms as the old one, if they find it is a new one the verdict must be for the plaintiff."

The verdict of the jury established the fact that the contract was renewed on April 1st. Although that fact was denied by the defendant, it was sufficiently supported by the plaintiff's evidence to legally justify the verdict, and there is no adequate reason presented for disturbing the result.

The order should be reversed.

Order of the county court of Dutchess county reversed, and judgment directed upon the verdict of the jury, with costs. All concur.