WILLIAM D. ODELL, Appellant, *v.* HENRY WEBENDORFER, Respondent.

*Change in a witness' testimony, on a second trial, from that given on the first one — it presents a question for the jury.*

Where the Appellate Division reverses a judgment in favor of the plaintiff and orders a new trial upon the ground that upon the plaintiff's own testimony a recovery was impossible, and upon the new trial the plaintiff changes his testimony so as to obviate the criticism of the Appellate Division, the question of his credibility is solely for the jury.

APPEAL by the plaintiff, William D. Odell, from an order of the County Court of Dutchess county, entered in the office of the clerk of the county of Dutchess on the 1st day of August, 1900, setting aside the verdict of a jury in favor of the plaintiff, and granting a new trial.

*Morschauser & Wood*, for the appellant.

*Allison Butts*, for the respondent.

HIRSCHBERG, J.:

The defendant insists that the plaintiff has not strengthened his position since he was here before, and the order appealed from is based on that theory. On the first trial the plaintiff testified that he had made an oral contract in the middle of March, 1898, to work for the defendant for one year from April first. In order to avoid the defense of the Statute of Frauds, he testified that on the first day of April, having then been two weeks at work under the contract, he had a conversation with the defendant which effected a renewal of the bargain, so that it could speak from that date and be performed within the year. The judgment recovered by him was reversed by this court (*Odell* v. *Webendorfer*, 50 App. Div. 579), because it appeared from his evidence that on April first the terms of the former contract were merely reiterated, while the law required that a new contract should have been made on that day in order to take the case out of the operation of the statute. From the extracts from this evidence embraced in the opinion then written, it is quite apparent that he repudiated the idea that any new bargain was made on April first, for as he said, " I didn't presume it was necessary," but that all that was done was to repeat the terms of the previous arrangement, for the purpose of ascertaining whether or not they were satisfactory. This he stated he did because he had heard that the defendant didn't always stand up to his agreements. We held that in order to bind the employer " the former contract should then be expressly renewed."

On the new trial the plaintiff testified that on the 1st day of April, 1898, he had a separate and distinct understanding with the defendant as to what the bargain would be; that he stated to the defendant that he supposed his work was to commence that morn-

ing to continue for the year, and that they then had an understanding in his language as follows : " He," the defendant, " said I was to work for the year and have sixty dollars a month, and I was to furnish my man, and I was to have the privilege of house rent, wood, potatoes, apples and milk, and a horse and wagon once a week. I was to pay the hired man. Mr. Webendorfer was to pay me, and I was to pay the hired man out of what Mr. Webendorfer paid me. I was to board the hired man, and under that arrangement I went to work for Mr. Webendorfer at that time." If this conversation really was had between the parties on April first, being in effect a distinct renewal of the contract as previously made and agreed upon, it would serve to take the case out of the operation of the statute, notwithstanding that the terms of both contracts were identical. On the second trial the plaintiff further testified that the first contract was made on Sunday and on election day, and that was one of the reasons why, to quote his words, " I took pains to make the contract on the 1st of April again." He further testified : " Q. How did you happen to have this talk that you spoke of, with Mr. Webendorfer on the morning of the first of April ? A. Well, because I had heard that Mr. Webendorfer didn't always stand to his agreements, and I thought to have myself secured. I thought I would make a new arrangement on the first of April and everything would be all right. Q. You thought you would repeat the bargain ? A. I thought I would make the bargain."

The difference in his evidence given on the two trials is vital. On the first trial the suggestion was a mere rehearsal of the terms of the original contract for the purpose of avoiding any misunderstanding as to what they were. On the second trial he testified that the bargain was expressly renewed.

His credibility was solely for the jury. ( *Williams* v. *Del., Lack. & West. R. R. Co.*, 155 N. Y. 158.) In that case it was held, as per the head note, that " where the plaintiff's testimony on a new trial differs from that given by him on the first trial, and if credited by the jury would entitle him to a verdict, the trial court has no right to treat it as untrue as matter of law and take the case from the jury, but should leave it to the jury to say whether the testimony is entitled to belief." That is what the learned county judge did in this case. He submitted the question to the jury in a succinct

and accurate charge, to which no exception was taken, saying : " The plaintiff undertakes to show you that subsequently to that, on the first day of April, an entirely new contract was made. Now that contract must be a new and independent agreement; it cannot be simply a corroboration of the first agreement and nothing more. If you find that such a new contract was made, that any old contract whatever existing was wiped out in the new one spoken of on the first of April, then you have such a contract as can be enforced in an action of law." He further charged, at plaintiff's request, " that if the new contract was made in precisely the same terms as the old one, if they find it is a new one the verdict must be for the plaintiff." .

The verdict of the jury established the fact that the contract was renewed on April first. Although that fact was denied by the defendant, it was sufficiently supported by the plaintiff's evidence to legally justify the verdict, and there is no adequate reason presented for disturbing the result.

The order should be reversed.

Order of the County Court of Dutchess county reversed, and judgment unanimously directed upon the verdict of the jury, with costs.