RUNDELL *v.* FARMERS' CO-OPERATIVE ELEVATOR CO.
OF CORUNNA.

1. CORPORATIONS — BY-LAWS — THIRD PERSONS NOT CHARGEABLE
WITH NOTICE.

One engaged as manager of a farmers' co-operative associa-
tion, organized under 3 Comp. Laws 1915, §§ 11311-11320,
was not chargeable with notice of the provisions of its
by-laws authorizing the board of directors to remove the
manager or any officer, agent or employee, if they deemed
it necessary for the best interests of the company.

2. SAME—ACTUAL NOTICE OF LIMITATION IN BY-LAWS BINDING.

In an action for a balance of salary claimed to be due on a
contract of employment as manager of defendant associa-
tion for a year, where plaintiff was discharged before the
expiration of the year, evidence *held*, sufficient to justify
the trial judge in finding as a fact that plaintiff had
knowledge of the provisions of the by-laws of defendant,
at the time the contract was entered into, giving the board
of directors arbitrary power to discharge the manager.

3. SAME—PRINCIPAL AND AGENT—POWERS OF AGENT—NOTICE OF
LIMITATION BINDING.

While a person dealing with the agent of a corporation is
justified in assuming that said agent possesses such power
as his employment would generally indicate, and is not
bound to take notice of limitations of such power fixed
by the by-laws, yet when said third person has direct
notice of limitations placed upon the agent's authority,
he may not ignore such notice and fall back upon what
would otherwise have been apparent authority.

4. SAME—BY-LAWS—ARBITRARY POWER TO DISCHARGE EMPLOYEES
—LEGALITY.

The adoption of a by-law by a farmers' co-operative asso-
ciation, organized under 3 Comp. Laws 1915, §§ 11311-
11320, giving to its board of directors arbitrary power to
discharge employees, *held*, within the power of the asso-
ciation under the act and enforceable by its officers.

5. PLEADING—AMENDMENTS—DISCRETION OF COURT.

Permitting an amendment to the notice attached to a plea
is usually considered within the discretion of the court.

6. APPEAL AND ERROR—AMENDMENTS—HARMLESS ERROR.
    Where the plea first filed gave notice of the defense on
      which the court acted in directing a verdict for defendant,
      plaintiff was not prejudiced by the action of the court
      in permitting an amendment to the notice attached to
      the plea.

Error to Shiawassee; Collins (Joseph H.), J. Submitted April 9, 1920. (Docket No. 35.) Decided June 7, 1920.

Assumpsit in justice's court by Joseph Rundell against the Farmers' Co-operative Elevator Company of Corunna for breach of a contract of employment. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*John T. McCurdy* and *George E. Pardee,* for appellant.

*Pulver & Bush,* for appellee.

SHARPE, J. The defendant is organized under Act No. 35, Public Acts of 1899 (3 Comp. Laws 1915, §§ 11311-11320), under which only those engaged as "fruit growers and farmers" may become members. After incorporation, the association is required by the act to "make and adopt all needful by-laws for its government," including such as "may be deemed necessary for the management" of its affairs.

Section 3 of article 5 of the constitution and by-laws reads:

"The board of directors may hire a general manager and such other ,person or persons as they deem necessary to carry on the business of the corporation, and shall fix their compensation and prescribe their

duties. They also shall have power to remove the manager or any officer, agent or employee for misconduct or incompetency or if they deem it necessary for the best interest of the company."

Section 3 of article 8 reads:

"Neither the board of directors nor any other person or persons has any legal right to alter, amend or ignore these by-laws or to refuse to comply with all their provisions."

The plaintiff, who had theretofore been engaged as an employee in the milling business in Owosso and Corunna, was active in promoting defendant's organization. He procured a copy of the by-laws of the Chesaning Company (from which the sections above quoted were copied), and these were shown by him to farmers from whom he solicited subscriptions. He was present at the organization of the association and when the by-laws were adopted. He was allowed $222 for his services and expenses in organization work, and this was credited on a subscription he signed for 250 shares of stock, the balance being afterwards paid by him.

Immediately following the organization, and on July 2, 1917, plaintiff entered into a written contract with the defendant, signed by its president and secretary, to work for it as its manager for one year thereafter at an annual salary of $1,500. In February, 1918, dissatisfaction arose and the defendant's officers, pursuant to action of its board of trustees, discharged plaintiff. Mr. Colby, the secretary, testified that when so advised plaintiff answered: "All right, if you don't want me to work for you, why I don't want to work for you." He accepted the balance then due him for services. After the expiration of the year, he sued in justice's court for the balance of the year's salary. On appeal from the judgment thus rendered to the circuit court, the trial judge,

after the proofs were submitted, directed a verdict for the defendant.   Plaintiff appeals.

1. Was there error in such direction?   We agree with counsel that plaintiff was not chargeable with notice of the provisions of the by-laws.   Defendant's counsel claim that he had personal knowledge thereof. The action of the trial court was based on such fact. When the motion of the defendant for a directed verdict was under consideration, the following colloquy took place between the court and counsel:

"*The Court:* * * * It appears from the testimony here that plaintiff had full knowledge of the by-law in question, from his own evidence.   * * * Under the contract the company saw fit to reserve to itself in regard to the test of the discharge of its employee.   * * * I am taking the testimony in the case as given by the plaintiff as to what his knowledge was about this by-law.

"*Mr. Pardee:* There is no question but what he had knowledge of this by-law, but there is a question whether, under the peculiar circumstances here that that by-law became a part of the contract.

"*The Court:* * * * I ask you, what difference would it make, in view of the testimony in this case, whether he was a stockholder or whether he was a third party or what he was.

"*Mr. Pardee:* You mean, in view of the fact that he had knowledge of the provisions of this by-law in question?

"*The Court:* Yes, sir."

It is true that after these admissions, which were fully justified by the testimony theretofore given by plaintiff, he was recalled and (seemingly in the absence of the jury), after being questioned about his stock in the company and cross-examined thereon, on his redirect-examination was asked:

"*Q.* And you may state whether or not on July 2, 1917, when you entered into this contract in question, whether you then had knowledge of this clause in sec-

tion 3 of article 5 as follows: 'Or if they deem it necessary for the best interest of the company?'"

—and answered:

"*A.* I never remember of seeing that or having any knowledge of it."

His former testimony, wherein such admissions were made, was then read over to him by defendant's counsel and he testified: "I have no modifications to make in my testimony."

Upon the record thus made, we cannot but conclude that the trial court was justified in finding as a fact that plaintiff had knowledge of the provisions of the by-laws at the time the contract was entered into. The admissions of counsel made in open court, especially when predicated upon the testimony theretofore given by plaintiff, must be declared binding upon him. His knowledge being thus established, we are constrained to hold that the action of the trial court was justified. The reason for such holding is clearly stated in *Hallenbeck* v. *Casket Co.*, 117 Mich. 680, 684:

"It is true, as contended by plaintiff, that by-laws of a corporation do not ordinarily bind third persons. 2 Beach, Mod. Cont. § 999; *Union Mutual Life Ins. Co.* v. *White*, 106 Ill. 67. But the reason why this is so is that persons dealing with the agents of corporations are justified in assuming that they possess such power as their employment would generally indicate, and are not bound to take notice of limitations of such power fixed by the by-laws. When, however, the third person dealing with an agent has direct notice of limitations placed upon his authority, it would be perversion of that salutary rule to hold that he may ignore such notice, and fall back upon what would otherwise have been apparent authority."

The parties with whom plaintiff was dealing were members of the association and the success of its operation depended largely on his ability to satisfy them all in his dealings with them. This depended not only

on his integrity but on his personality and tactfulness, and, while such a by-law involves an arbitrary exercise of power, we think its adoption within the power of the association under the act and enforceable by its officers. *Schmand* v. *Jandorf,* 175 Mich. 88 (44 L. R. A. [N. S.] 680, Ann. Cas. 1915A, 746), in which the authorities are collected and carefully reviewed. See, also, *Webster* v. *Jossman,* 199 Mich. 98.

2. Error is alleged on the action of the court in permitting an amendment to the notice attached to defendant's plea. Such action is usually considered within the discretion of the court, but, as the plea first filed gave notice of the defense on which the court acted, the plaintiff was not prejudiced thereby. Neither do we find that the rulings on the admission and rejection of testimony in any way affected the plaintiff's rights, in view of the legal conclusion reached by the trial court, in which we concur. We need not consider whether plaintiff was in fact a member of the association.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.