AGNES CULLEN McGOVERN, Plaintiff, *v.* MADAME ELIZE, INC., Defendant.

Supreme Court, New York County, July 24, 1930.

*Koenig, Sittenfield & Bachner* [*Raphael P. Koenig* of counsel], for the plaintiff.

*Hartman & Levy* [*Hugo Levy* of counsel], for the defendant.

UNTERMYER, J. This action was brought upon a contract of employment alleged to have been made on December 20, 1927, to commence on that day and to continue until November 1, 1928,

by which the plaintiff claims to have been employed by the defendant as saleslady at a salary of $100 a week. At the conclusion of the plaintiff's case and again at the conclusion of the entire case the defendant moved to dismiss the complaint upon the ground that the only contract established by the evidence was made in October, 1927, and since, by its terms, such a contract could not have been performed within a year from that date, it was unenforcible under the Statute of Frauds. Decision upon these motions was reserved and the issues submitted to the jury, which rendered a verdict for the plaintiff.

Whether the contract of employment falls within or beyond the operation of the Statute of Frauds depends upon whether the contract was made on October 15, 1927, or on December 20, 1927. If made on October 15, 1927, then, obviously, the contract could not be performed within a year from that date; if made on December 20, 1927, then, obviously also, it could. The issue thus presented ultimately depends upon whether the conversation of December twentieth constituted a confirmation and restatement, or whether it constituted a rescission, renewal or modification of the earlier one.

Accepting the plaintiff's testimony for the purposes of this motion, it shows that she was first engaged by the defendant about the middle of October, 1927. All the terms of the employment were agreed upon. The salary agreed upon was $100 a week. The employment would commence on November first and continue for one year thereafter. The plaintiff then requested that a written contract be executed expressing the terms of the employment, to which the defendant's president replied: "We wont bother now. You come in November 1st and I will give you the contract within a reasonable length of time." Accordingly no contract was prepared and the plaintiff commenced work on November first. About two weeks thereafter she inquired for the contract. The defendant's president, in the plaintiff's presence, then told her nephew to instruct the defendant's attorney to prepare a contract. Subsequently, the contract not having been prepared, the plaintiff repeated her request but was informed by the nephew that he had been too busy to give the necessary instructions. Again, on December twentieth the plaintiff demanded the contract. She was informed by the defendant's president that a change of interest in the corporation was impending and that no new contracts could be signed. The defendant's president said, " I cannot give you a contract because of Mr. Granowich getting out, but my word is my bond," to which the plaintiff replied, " All right," adding, parenthetically, in her testimony, " What else could I say." The plaintiff also testified: " December 20th Madame Elize [the

defendant's president] said she could not give me a written contract but she would give me her word that I would work there until the following 1st of November." Nothing was said on this occasion concerning the terms of the employment, which it is conceded remained otherwise unchanged. On March 17, 1928, the plaintiff was discharged.

The legal principles involved are not obscure; the question is rather, which of two divergent principles applies? Where a verbal contract has been made which, by its terms, cannot be performed within a year, the circumstance that it is restated or confirmed within the year does not remove it from the operation of the statute. (*Odell* v. *Webendorfer*, 50 App. Div. 579; *Berrien* v. *Southack*, 7 N. Y. Supp. 324.) The subsequent verbal admission of such a contract by the party to be charged, although made within the year, is not the equivalent of the written evidence which the statute requires. On the other hand, if a new, though verbal, contract has been made within the year, whether in substitution, renewal or modification of a contract made previous to the year, it is not to be denied validity because it was engendered by an earlier contract which was unenforcible. (*Odell* v. *Webendorfer*, 60 App. Div. 460.) In such a case the new contract, though occasioned by the old, is not within the provisions of the statute.

Tested by these principles, the contract which the parties agreed to perform on December twentieth was not a new contract entered into at that time; it was an agreement to perform the contract previously made. The plaintiff, herself, placed this construction on the conversation, for she testified: " I was to continue as I had started on November 1st, 1927." No term of the employment was changed, but on the contrary all its terms were ratified and confirmed and the defendant agreed to adhere to these without the execution of any written instrument. There was no rescission of the earlier contract; there was no modification of the terms of the employment, and there was no renewal, but only a restatement or confirmation, coupled with a declaration by the defendant that it would adhere to the contract previously made without the compulsion of a written instrument. (*Goldberg* v. *Cohen*, 110 N. Y. Supp. 185.) After the conversation of December twentieth, precisely as before, the plaintiff, except for the statute, could have maintained an action on the contract of October and that contract cannot, therefore, be said to have been abrogated. (*Wanamaker* v. *Rhomer*, 23 N. Y. Wkly. Dig. 60.)

It is suggested, however, that in December the plaintiff renounced her right to insist upon the written contract for which the parties had stipulated in October. This, it is contended, constituted a

rescission of the earlier contract, resulting in the substitution of a new contract for the previous one, as the jury has found. Such a finding was not justified by the facts. There was here no rescission of the earlier contract founded upon new mutual considerations within the rule expressed in *Schwartzreich* v. *Bauman-Basch, Inc.* (231 N. Y. 196). There was a breach by the defendant of a term of its agreement — its refusal to execute a written contract — coupled with a waiver by the plaintiff of that breach expressed in her statement that it was " All right." The earlier contract was thus continued, with the plaintiff in a position where she could no longer insist on the performance of the term which she had waived. (*Kiernan* v. *Dutchess County Mutual Ins. Co.*, 150 N. Y. 190; *Titus* v. *Glens Falls Ins. Co.*, 81 id. 410; *Clark* v. *West*, 193 id. 349; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id. 483.)

Indeed, it would be anomalous to hold that the Statute of Frauds could be defeated by waiving a stipulation for a written contract. That stipulation was as much within the statute as was the contract of employment which it was expected to express. (*McLachlin* v. *Village of Whitehall*, 114 App. Div. 315.) The result would be that the plaintiff could convert an unenforcible into a valid contract by consenting to forego the very memorandum which the statute required for its validity. By excusing performance by the defendant of this term of a contract which was unenforcible the plaintiff could not transform the earlier contract into a later contract not subject to the statute. She could not have enforced against the defendant the contract of October, 1927, if there had been a total non-performance. She cannot avail herself of her own forgiveness of the breach of one of its conditions to enforce the provisions that remain. If she could do this, the statute would offer very little protection against fraud. Although the identical question may not have been decided, decisions in analogous situations lead to the conclusion that the statute cannot be avoided in this way. (*Wilson* v. *Lewiston Mill Co.*, 150 N. Y. 314; *Wright* v. *Weeks*, 25 id. 153; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681; 1 Williston Cont. 1012, § 524-a.) The motion to dismiss the complaint, made at the conclusion of the case, must be granted. Settle order on notice.