MAYHEW *v.* EDWARD G. BUDD MANFG. CO.

CORPORATIONS—POWERS OF PRESIDENT—SECRET AGREEMENT WITH EMPLOYEE.

President of corporation had no power to enter into secret agreement, unknown to board of directors, to pay employee $30,000 per year, while his seeming compensation, which he was paid regularly until discharged, was $700 per month.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 26, 1932. (Docket No. 178, Calendar No. 36,263.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Assumpsit by George Mayhew against Edward G. Budd Manufacturing Company, a foreign corporation, and another on a contract of employment. Verdict and judgment for plaintiff against defendant corporation. Defendant corporation appeals. Reversed, without a new trial.

*Davidow & Davidow (P. J. M. Hally,* of counsel), for plaintiff.

*Lightner, Oxtoby, Hanley, Crawford & Dodd* and *Louis J. Colombo (Henry S. Drinker, Jr.,* of counsel), for defendant.

CLARK, C. J. This case, appealed by defendant corporation, must be reversed, the verdict for plaintiff being against the great weight of the evidence, and for another reason, which we discuss briefly, the reversal will be without new trial.

The action is on averred contracts of employment against defendant corporation and Budd, its president. In the trial court verdict in favor of Budd was directed, from which plaintiff has not appealed, so question of right to recover against Budd is foreclosed.

Plaintiff was employed by defendant corporation in 1924 at $25 per day, later changed to $700 per month, and he continued in the employment nearly five years and was paid regularly and in full until discharged. Under his pleading, he testified of a secret agreement with Budd, that while his seeming compensation should be as above stated, he was to

receive an annual salary of $30,000. He claims to have made the secret agreement in 1924 for one year, and, without payment, to have renewed it in secret conferences with Budd in each of the four succeeding years.

Plaintiff testified the agreements were to be kept secret from other officers and the directors of defendant corporation, and, in effect, that he and Budd alone were to know of them. The asserted reason for such great secrecy is not here important, nor need we review the evidence further. It is considered that Budd here had authority to make in usual course of business the contract of employment which was made and which was recognized and performed by the corporation on its part.

On this record it ought not to be found that there were the secret agreements, but, assuming they were made, Budd had no power as president to enter into them on behalf of the corporation. Budd was not the corporation. It had a board of directors, which had not abdicated. Budd, it appears, could bind the corporation on employment contracts made in due and usual course of business, but the contracts here asserted were most extraordinary. If Budd could agree secretly to pay $30,000 per year, he could as well agree to pay a larger sum. If he could bind the corporation on one secret agreement, he might bind it on a greater number. The corporation might be committed to demands producing insolvency without knowledge of its managing directors. That Budd had no authority, express, inferred, or implied, to enter into such contracts, plaintiff, from the very nature of them, must have known.

The corporation is not bound on the alleged secret agreements. 4 Cook on Corporations (8th Ed.), § 716; *Humphrey* v. *Onaway-Alpena Tel. Co.,* 204

Mich. 97; 2 Thompson on Corporations (2d Ed.), § 1070; *Cope-Swift Co.* v. *Schlaff Creamery Co.,* 223 Mich. 543; *Hallenbeck* v. *Powers & Walker Casket Co.,* 117 Mich. 680; *Ten Eyck* v. *Railroad Co.,* 74 Mich. 226 (3 L. R. A. 378, 16 Am. St. Rep. 633).

Reversed, without new trial, and with costs.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.