GUDENAU *v.* FARM CREST BAKERIES, INC.

1. APPEAL AND ERROR — EVIDENCE — JUDGMENT FOR DEFENDANT AT CLOSE OF PLAINTIFF'S CASE.

Plaintiff's evidence must be taken as true for purpose of appeal where judgment was directed for defendant at close of plaintiff's testimony.

2. FRAUDS, STATUTE OF—ORAL CONTRACT OF EMPLOYMENT FOR ONE YEAR.

Record *held,* to show that oral contract of employment was not to be performed within one year from time it was made, hence unenforceable under the statute of frauds (3 Comp. Laws 1929, § 13417).

3. SAME—RATIFICATION OF ORAL CONTRACT OF EMPLOYMENT WITHIN YEAR.

Circumstance that oral contract was restated or confirmed within the year does not remove it from operation of the statute of frauds where it was not to be performed within one year from time of making it (3 Comp. Laws 1929, § 13417).

Appeal from Wayne; Webster (Arthur), J. Submitted June 7, 1934. (Docket No. 75, Calendar No. 37,883.) Decided September 18, 1934.

Assumpsit by Edward J. Gudenau against Farm Crest Bakeries, Incorporated, a Delaware corporation, and others on an alleged parol contract of employment. Judgment for defendants. Plaintiff appeals. Affirmed.

*Fildew & DeGree,* for plaintiff.

*Carey, Armstrong, Weadock & Essery (Joseph J. Marshall,* of counsel), for defendants.

BUTZEL, J. Edward J. Gudenau brought suit against Farm Crest Bakeries, Inc., Orchard Farm

Pie Company, Jersey Farm Baking Company, all corporations, who, by stipulation, may be considered for the purposes of this suit, as one person and referred to as the "defendant." Plaintiff had been a salesman for the Grennan Cake Corporation, in which P. H. Grennan, Ray Grennan and K. L. Grennan had been interested. P. H. Grennan and Ray Grennan became associated with defendant. One Arthur L. Force has also left the service of the Grennan Cake Company and became defendant's regional sales manager. Plaintiff had worked for the Grennan Cake Corporation for approximately 12 years and was receiving $65 per week, when he claims Force asked him to give up his position as salesman with the Grennan Cake Corporation and accept employment with defendant at a salary of $70 per week; that after several interviews with Force he agreed during the middle of the last week of August, 1930, to accept the position and was promised employment for an entire year. He claims that Force wanted him to come to work at once, but he deemed it proper to give some notice to his former employer and he therefore was unwilling to come to work until the following Monday in September. The contract was entered into for a year's employment beginning the following week. It was not to be performed within one year. More than a year would elapse from the time it was entered into until the date agreed upon for its expiration. On the following Monday in September plaintiff reported for duty to Force, drove around with him for several days, but was put off as to the time when he should begin active work, Force offering various excuses from day to day, and finally refusing to see him. Plaintiff claims that, after being unsuccessful in efforts to secure other work in order to minimize

his losses, he brought suit for a year's salary at $70 per week.

The case was heard without a jury, and on motion, the trial court was forced to direct a judgment in favor of defendant because the alleged agreement was not to be performed within one year and therefore was void under the statute of frauds (3 Comp. Laws 1929, § 13417). Plaintiff in his appeal contends that the record shows that the contract was subsequently made and did not begin until the Monday that he went to work. We must take the statements as made by plaintiff as true inasmuch as judgment was rendered against him at the conclusion of his testimony. We are not at all unimpressed with the equities of the claim as set forth by plaintiff, but neither the trial judge nor we can overlook the provisions of the statute of frauds. A very careful reading of the record shows that the contract extended over a year. Plaintiff did at times intimate that the contract was made the Monday he went to work, but he explained his testimony by immediately referring back to the contract that had been made the previous week. He did not make contradictory statements, but explained them by saying that the contract sued upon was the one made the previous week before he reported for work. Counsel claim that plaintiff became confused, but his testimony is plain, direct and to the point. We quote the following excerpts:

"*Re-direct examination by Mr. Fildew:*

"*Q.* You say that on the first Monday you went to work, you did discuss the definite terms of the agreement with Mr. Force?

"*A.* Yes, sir.

"*Q.* And how long did Mr. Force agree that you were employed?

"*A.* Mr. Force says that it would be permanent, but he would take care of the year contract.

"*Q.* What salary did he agree that he would pay you?

"*A.* $70 per week.

"*Q.* And that is the contract you are suing on?

"*A.* Yes, sir.

    *   *   *

"*Q.* And you claim that the first day you went to work you had a definite agreement on the terms of employment?

"*A.* A definite agreement between Mr. Force and I.

"*Q.* And that is the contract you are claiming here?

"*A.* That is the contract I am claiming.

"*Mr. Fildew:* That is all.

"*Re-cross examination by Mr. Weadock:*

"*Q.* The contract that you are suing on here is a contract for a year's employment?

"*A.* For a year's employment.

"*Q.* As sales manager?

"*A.* As sales manager.

"*Q.* At $70 a week?

"*A.* Yes, sir.

"*Q.* And that contract was made with Mr. Force only?

"*A.* Mr. Force only.

"*Q.* And that was made in the latter part of August?

"*A.* Yes, sir.

"*Q.* And as soon as the contract was made, you put in your resignation?

"*A.* I did.

"*Q.* And that resignation took effect a few days afterward?

"*A.* Yes.

"*Q.* On a Saturday?

"*A.* Yes.

"*Q*. The following Monday, in accordance with the agreement that you had made with Mr. Force, you reported at the plant?

"*A*. Yes.

"*Q*. And on that Monday talked over with him the terms of the agreement?

"*A*. Yes.

"*Q*. There was no change?

"*A*. No.

"*Q*. No other contract made?

"*A*. No.

"*Q*. And the contract you are suing on was the one you claim to have made with him before you made your resignation; you insisted on having a definite agreement before you would resign, you said. Is that correct?

"*A*. I did.

"*Q*. You had to be protected?

"*A*. Yes.

"*Q*. Now did it not strike you that that contract was a bit unusual, Mr. Gudenau?

"*A*. No.

"*Q*. You never heard of another one, you had never had one like it?

"*A*. Well, no. I had not another contract from Mr. Force.

"*Q*. What?

"*A*. I didn't have another one from Mr. Force.

"*Q*. That is the only contract?

"*A*. That is the only contract I had."

The law is well stated in *McGovern* v. *Madame Elize, Inc.*, 137 Misc. Rep. 599 (244 N. Y. Supp. 169), as follows:

"No term of the employment was changed, but on the contrary all its terms were ratified and confirmed and the defendant agreed to adhere to these without the execution of any written instrument. There was no rescission of the earlier contract;

there was no modification of the terms of the employment, and there was no renewal, but only a restatement or confirmation, coupled with a declaration by the defendant that it would adhere to the contract previously made without the compulsion of a written instrument."

And in stating the law applicable to the facts, the court said at page 601:

"Where a verbal contract has been made which, by its terms, cannot be performed within a year, the circumstance that it is restated or confirmed within the year does not remove it from the operation of the statute. *Odell* v. *Webendorfer,* 50 App. Div. 579 (64 N. Y. Supp. 451); *Berrien* v. *Southack* (City Ct., N. Y.), 7 N. Y. Supp. 324."

See, also, *Davis* v. *Michigan Mutual Life Ins. Co.,* 127 Mich. 559; *Odell* v. *Webendorfer, supra; Blanton* v. *Knox,* 3 Mo. 241; *Oak Leaf Mill Co.* v. *Cooper,* 103 Ark. 79 (146 S. W. 130); *Haslam* v. *Barge,* 69 Neb. 644 (96 N. W. 245).

We are constrained, as the trial judge was, to hold that plaintiff, in accordance with his own statements, brought suit for a contract not to be performed within a year from the time it was made, and, therefore, the judgment must be affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.