LAWTON *v.* CONTRACT PURCHASE CORP.

1. CORPORATIONS—CONTRACTS—AUTHORITY OF OFFICERS—EVIDENCE—ISSUANCE OF STOCK.

In action for breach of alleged contract under which plaintiff agreed to work for defendant corporation as supervisor of operations of its branch offices at a salary of $500 a month and agreed to permit him to purchase 5,000 shares of its class B common stock at 10 cents a share out of dividends thereafter to be declared on such stock, where it is shown that plaintiff knew such contract would have to be approved by the executive committee, that the officers with whom he dealt were not authorized to execute such a contract and executive committee is not shown to have approved it, evidence was insufficient to prove contract under which plaintiff would have a right to recover damages because of corporation's failure to issue stock to him.

2. CONTRACTS—DIVISIBILITY—RECOVERY OF DAMAGES—EMPLOYMENT—ISSUANCE OF CORPORATE STOCK.

Where portion of contract dealing with term of plaintiff's employment is severable from provision relating to issuance of stock to him by defendant corporation, the failure to prove a binding contract as to the stock would not preclude recovery of damages resulting from wrongful discharge before the end of the term.

Contracts not to be performed within one year, see 1 Restatement, Contracts, § 198.

3. FRAUDS, STATUTE OF—ORAL CONTRACT FOR YEAR'S EMPLOYMENT TO COMMENCE IN THE FUTURE.

    An oral contract for a year's employment to begin on a date subsequent to that on which made is not possible of performance within one year from the time made and is void under statute of frauds (3 Comp. Laws 1929, § 13417).

4. SAME—RESTATEMENT OF ORAL CONTRACT.

    Where a verbal contract has been made which, by its terms, cannot be performed within a year, the circumstance that it is restated or confirmed within the year does not remove it from the operation of the statute (3 Comp. Laws 1929, § 13417).

Appeal from Wayne; Merriam (DeWitt), J. Submitted June 3, 1941. (Docket No. 25, Calendar No. 41,566.)  Decided September 2, 1941.

Assumpsit by Kenneth E. Lawton against Continental Credit Corporation and others, on a contract of employment. Contract Purchase Corporation substituted in place of Continental Credit Corporation. Verdict and judgment for plaintiff. Defendant appeals. Reversed without new trial.

*Harold R. Smith* (*John R. Mann,* of counsel), for plaintiff.

*Bisbee, McKone, Badgley & McInally,* for defendant Contract Purchase Corporation.

NORTH, J.  The Continental Credit Corporation during 1937 was engaged in the business of financing the sale of automobiles, with principal offices in Jackson, Michigan, and branch offices in various other cities.  Plaintiff, who had had considerable experience in the automobile finance business before starting to work for the above corporation, seeks damages in this suit for the breach of an alleged contract of employment with the corporation for a

one-year term and for the sale of corporate stock. The negotiations which he claims resulted in the alleged agreement were carried on principally with R. O. Bisbee, who was president and one of the directors of the corporation, and J. R. Latchaw, its vice-president and general manager and one of its 10 directors. In this suit plaintiff originally joined as parties defendant these two individuals and the Continental Credit Corporation. By order of the court two substitutions were made as to parties defendant because before trial the Continental Credit Corporation was merged with the Contract Purchase Corporation and R. O. Bisbee died. As the suit went to trial the defendants were the Contract Purchase Corporation, Bisbee's estate, and J. R. Latchaw.

At the conclusion of the proofs and before the trial court charged the jury, plaintiff elected, in effect, not to go to the jury as against the two individual defendants, and the court charged that the jury should consider only the liability of the corporation. The jury returned a verdict in the amount of $6,000 against the corporation. Defendant's motions for a directed verdict, on which the court had previously reserved decision, were denied, as were motions for judgment *non obstante veredicto* and for a new trial. From judgment on the verdict the Contract Purchase Corporation has appealed.

Plaintiff's claim is based on an oral agreement alleged to have been made in June, 1937, whereby plaintiff agreed to enter the employ of the corporation for a term of one year in the capacity of supervisor of the operations of all the branch offices of the corporation. Plaintiff claims that the corporation agreed to pay him a salary of $500 a month, and as additional compensation agreed to permit him to purchase from the corporation 5,000 shares

of its class B common stock at 10 cents a share and to allow him to pay the purchase price out of dividends thereafter to be declared and paid on such stock, subject, however, to the right of the corporation to repurchase the stock at its market value at any time plaintiff should cease to be connected with the corporation. Plaintiff started to work on June 24, 1937, and was discharged on December 13, 1937. It is plaintiff's claim that he was discharged in violation of the terms of the agreement that he was to remain in defendant's employ for a term of one year; and also that although he requested it, no stock was issued as promised; that because of his reliance on the terms of the agreement he incurred various expenses; that he was unable to find other employment for the duration of the term; and that as a result of the corporation's repudiation of its agreement he suffered damages amounting to over $10,000, of which $7,000 was for damages resulting from defendant's refusal and failure to issue stock to him at the price agreed upon.

Defendant corporation denied making an agreement for a definite term of employment and denied that it agreed to issue stock as claimed. It denied the authority of Bisbee and Latchaw to make such a contract in its behalf, contended that such contract, even if made, was within the statute of frauds and void because it was an oral contract which by its terms could not be performed within one year,[*] and finally claimed if the contract was not void, that plaintiff by a writing released the corporation from its obligation to retain him in its employ for a definite term.

The material facts as to the negotiations leading up to the making of the alleged agreement are in

[*] See 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922).—REPORTER.

dispute, but it appears to be admitted that Latchaw met the plaintiff in Detroit early in June, 1937, discussed the possibility of his employment by the corporation, and asked him to come to Jackson for further discussion. Plaintiff testified that Latchaw asked him to come for the purpose of meeting the executive committee and that on the following day he went to Jackson and there met Bisbee and Latchaw at the offices of the corporation. It appears that a Mr. McKone, one of the directors, was present and took part in the conversation but stayed only 10 or 15 minutes and left before the discussion was concluded. It is plaintiff's claim that the parties at that time substantially agreed on the contract upon which he now brings suit. There is no dispute as to the fact that no binding contract was made at that time, for plaintiff testified he was informed that the proposed contract would have to be submitted to the executive committee for approval. Plaintiff claims that about a week after the date of the above conversation he received a telephone call from Latchaw who informed him that the executive committee had given its approval, that because of the pressure of work Latchaw asked him to make a decision and get in touch with Anderson, the secretary of the corporation, not later than June 22, 1937; that on the last-mentioned date plaintiff telephoned Anderson and informed him of his acceptance and told him that he would start work on June 24th.

It appears from plaintiff's testimony that very shortly after he started work he approached both Bisbee and Latchaw in connection with obtaining written evidence of the allotment to him of the shares of stock, that he obtained no such writing and was finally informed, about the middle of September, that the board of directors had failed to authorize

the issuance of stock to him and, as stated by plaintiff, had ''reneged'' on the deal in spite of the recommendation of both Bisbee and Latchaw that stock be issued. Plaintiff testified that the two men then reassured him that they would see to it that the board at some future date would reconsider the matter, and relying on such assurances, he did not consider the contract at an end and continued to work until the date of his discharge in December.

Defendant's motion for a directed verdict at the close of all the proofs was based in part on the ground that there was no proof of action taken officially by the corporation or its board of directors or any committee approving a contract such as is claimed by plaintiff. This motion was denied and the issue was submitted to the jury. It is the contention of plaintiff that ''Whether Mr. Latchaw was clothed with apparent membership on the committee, or whether he spoke as an officer whose duty it was to employ, his report upon the action taken by the executive committee was made in the performance of his duties and was competent evidence against the corporation,'' and further that parol evidence was admissible to show action by the executive committee in view of the fact that the committee kept no record of its proceedings. The only evidence to the effect that the committee had approved the contract was plaintiff's testimony in regard to the statement by Latchaw over the telephone. The minutes of the corporation meetings showed no action by the board of directors approving or ratifying such a contract. Instead the minutes showed that on April 13, 1937, before any of the negotiations involved herein occurred, the board had appointed a committee for the express purpose of examining ''any and all agreements for the distribution of Class B stock to organizers, officers, and

others," that this committee subsequently filed a report recommending the issuance of shares to several of the officers; but insofar as plaintiff was concerned, it recommended merely the payment of a bonus based on the dividends to be declared on 5,000 shares of stock and prepared a contract to that effect. Although this contract was never offered to plaintiff for his signature, he was informed of the proposal but chose instead to rely on the above-noted assurance of the individual officers that he would eventually obtain stock.

In view of plaintiff's knowledge that the contract would have to be approved by the executive committee, and his knowledge that Latchaw alone had no authority to execute such a contract on behalf of the corporation, plaintiff was "not in a position to rely upon a holding out of the agent as having authority in excess of that which he in fact possessed" and he was "bound to see to it that those having authority had assented to this contract." *Hallenbeck* v. *Powers & Walker Casket Co.*, 117 Mich. 680; *Rice* v. *Peninsular Club of Grand Rapids*, 52 Mich. 87. Since, so far as disclosed by the record, neither Latchaw nor Bisbee had authority to bind the corporation on a contract for the issuance of stock, and since plaintiff had no right to rely on a claimed authority, defendant was correct in its contention that there was no competent evidence to go to the jury on this issue. The trial court erred in submitting to the jury the issue of plaintiff's right to recover damages from the corporation because of its failure to issue stock to plaintiff.

However, plaintiff's claim for damages consisted not only of an item ($7,000) resulting from the corporation's failure to issue stock, but there was also an item for the loss suffered because of the wrong-

ful discharge of plaintiff before the expiration of the one-year term which, according to plaintiff's testimony, was part of the contract. It is therefore necessary to consider whether plaintiff is entitled to such damages despite our holding that the corporation is not liable for its failure to issue stock. If the provision of. the contract dealing with the term of employment is severable from the provision dealing with the issuance of stock, plaintiff's failure to prove a binding contract to issue stock does not preclude him from recovering damages resulting from wrongful discharge before the end of the term.

On this phase of the case, defendant contends that the contract is not divisible, but entire; and that the portion of the contract dealing with the sale of stock is an indivisible part of an entire contract which cannot be separated from the rest of the transaction; and because of plaintiff's failure to establish a valid contract for the sale of the stock, the whole contract with defendant fails and plaintiff cannot recover. Regardless of the soundness of this contention of defendant, for reasons about to be noted we are of the opinion plaintiff did not make a case for the jury's determination; but instead defendant's motion for a directed verdict should have been granted.

Under plaintiff's testimony he accepted the proposed contract for a year's employment on June 22, 1937, and he was to begin work June 24. This oral contract for his employment was not possible of performance within one year from June 22, 1937, and was therefore void under the statute as "an agreement that, by its terms, is not to be performed within one year from the making thereof." 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922).

Justice Butzel, writing for the Court in *Gudenau* v. *Farm Crest Bakeries, Inc.*, 268 Mich. 399, 400, said:

"The contract was entered into for a year's employment beginning the following week. It was not to be performed within one year. More than a year would elapse from the time it was entered into until the date agreed upon for its expiration."

In the above case we quoted with approval the following from *McGovern* v. *Madame Elize, Inc.*, 137 Misc. 599 (244 N. Y. Supp. 169), the following:

"Where a verbal contract has been made which, by its terms, cannot be performed within a year, the circumstance that it is restated or confirmed within the year does not remove it from the operation of the statute." (Citing cases.)

Because of the conclusion reached, it is unnecessary to consider other phases of the record which are urged in behalf of appellant. For the reasons above noted the trial judge was in error in denying defendant's motion for a directed verdict. The judgment entered in the circuit court is reversed without a new trial. Defendant will have costs of both courts.

Sharpe, C. J., and Bushnell, Boyles, Chandler, Starr, Wiest, and Butzel, JJ., concurred.