FRANK BAILEY, Respondent, *v.* S. S. STAFFORD, INC., Appellant.

First Department, July 13, 1917.

Contract — agreement authorizing defendant to sell under its own name product manufactured by plaintiff — suit to enjoin defendant from manufacturing and selling similar product after termination of agreement — right of defendant to use its own trade name — pleading — complaint not stating cause of action — injunction.

Action to enforce by injunction a negative covenant in writing. The complaint in substance alleged that the plaintiff, who manufactured an ink eradicator, gave to the defendant exclusive right to sell the same under the defendant's trade name, while the defendant on its part agreed

not to handle any other ink eradicator during the period the agreement was in force, the same to be terminated by either party by giving six months' notice in writing. By a subsequent agreement the defendant further agreed that it would not manufacture, cause to be manufactured, or sell any ink eradicator in imitation of that manufactured by the plaintiff, or put up in similar packages labelled with similar labels, so long as the plaintiff furnished its eradicator to the defendant at a stated price. There was no time set for the continuance of this second agreement. It was further alleged that the defendant, having terminated the agreement by written notice, was manufacturing and selling an ink eradicator of its own make and under its trade name. The only respect, however, in which it is claimed that the packages used by the defendant resembled those formerly used for the plaintiff's eradicator under the contract was the similarity in the name of the product, for the defendant continued to brand its new product with its own trade name.

*Held,* that the complaint failed to state a cause of action and should be dismissed, and that an order granting a temporary injunction should be reversed. This, because the defendant, not having otherwise contracted, had a right to use its own name in its business and that no unfair imitation of the plaintiff's package was shown.

As the second agreement between the parties was not limited as to the time of its duration it was terminable at the will of either party upon giving a reasonable notice to the other.

APPEAL by the defendant, S. S. Stafford, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of February, 1916, granting a preliminary injunction, and also from an interlocutory judgment entered in said clerk's office on the 29th day of February, 1916, overruling a demurrer to the complaint.

*Charles E. Kelley,* for the appellant.

*James A. Davis,* for the respondent.

PAGE, J.:

The action is brought to enforce by injunction a negative covenant in a written agreement. The plaintiff has for some years manufactured and sold a chemical ink eradicator, and the defendant has for many years been engaged in the manufacture and sale of writing inks. The complaint alleges the making of an agreement between the parties on January 25, 1901, whereby the plaintiff agreed to manufacture and put up for sale his ink eradicator under the name of " Stafford's

Ink Eradicator " and to allow the defendant the exclusive right to sell the same, the plaintiff agreeing, during the continuance of the agreement, not to appoint any other agent or to supply any other person or persons with the said product, and the defendant agrees, for the same period, not to handle any ink eradicator of any other make or description. After stating other agreements not material to this case the contract provides that " this agreement to be terminated by either party by giving the other six months' notice to that effect, in writing."

On March 28, 1904, the parties entered into another contract which provided that the plaintiff agrees to manufacture a fluid ink eradicator, the bottles containing it to be inclosed in cartons or wrappers similar to those theretofore used by the plaintiff in offering for sale the ink eradicator manufactured by him, describing the same, and to have printed thereon S. S. Stafford's Ink Eradicator. The defendant agrees to purchase the ink eradicator so manufactured and put up and to pay therefor as therein required. The plaintiff " covenants and agrees that he will not at any time during the continuance of this agreement, or after the termination of the same, sell or offer for sale any fluid ink eradicator under the name of S. S. Stafford's Ink Eradicator." The 4th subdivision of the contract which it is sought to enforce by this action reads as follows:

"And the party of the second part [the defendant] covenants and agrees that from and after the execution of this agreement it will not at any time, either alone or jointly with, or as agent for any person or persons, firm or corporation, manufacture or cause to be manufactured, and sell or offer for sale any fluid ink eradicator or any ink eradicator in imitation of the ink eradicator manufactured by the party of the first part, or put up in similar cartons, boxes, forms or wrappers and labelled with similar labels, so long as the party of the first part furnishes this eradicator at the above price of thirteen dollars per gross."

On January 16, 1915, the defendant notified the plaintiff that after six months from said date the agreement between them would terminate and that defendant would cease purchasing ink eradicating fluid from the plaintiff. The com-

plaint then alleges that on or about the 1st day of October, 1915, the defendant " commenced to manufacture and sell under the names ' Stafford's Ink Eradicator ' and ' Stafford's Ink Annihilator for Removing Ink ' an ink eradicator which was not manufactured by nor bought from the plaintiff, and defendant has ever since said date continued to manufacture and sell a fluid ink eradicator upon the packages and cartons of which appear the labels ' Stafford's Ink Eradicator ' and ' Stafford's Annihilator for Removing Ink;' this fluid ink eradicator manufactured and sold by the defendant is in imitation of the eradicating fluid manufactured by the plaintiff, and the labels on the cartons, boxes or packages of the defendant are similar to the labels of the plaintiff's boxes and cartons *with respect to the name* ' Stafford's Ink Eradicator ' and ' Stafford's Annhilator for Removing Ink,' *and in this respect* are in imitation of plaintiff's labels." Then follow allegations that the defendant is using the said names to mislead and deceive the general public into purchasing its eradicator, in the belief that it is purchasing the eradicator manufactured by the plaintiff, and that the ink eradicator sold by the defendant and labelled " Stafford's Ink Eradicator " and " Stafford's Annihilator for Removing Ink " has a ready market and is sold in large quantities, and that by reason thereof the defendant is making large sales that otherwise would be made by the plaintiff to his great and irreparable damage; that defendant has thereby become a competitor of plaintiff, where formerly it was a customer, and such sales have contributed and will contribute to deprive plaintiff of a market for " Collin's Ink Eradicator " which he has been and still is manufacturing and selling to the general public; that the defendant is appropriating to itself all the good will, reputation and popularity of the commodity known to the general public as " Stafford's Ink Eradicator." The plaintiff demands judgment that the defendant, its agents, etc., be restrained and enjoined from manufacturing and selling any fluid ink eradicator, or from using the names " Stafford's Ink Eradicator " or " Stafford's Annihilator for Removing Ink " or names similar thereto. An injunction *pendente lite* has been granted in the terms of the demand for judgment.

The defendant demurred to the complaint for insufficiency,

and an interlocutory judgment was entered overruling the demurrer. While there are some allegations in the complaint appropriate to a cause of action for unfair trade and competition, it is not claimed that it is intended thereby to present such a cause of action. It is conceded that there is no imitation of the package .or carton formerly used by the parties during the period of the contract, nor is it claimed that the defendant is imitating the package or label of plaintiff's product known as " Collin's Ink Eradicator." The sole questions presented are, has the defendant the right to manufacture or sell any ink eradicator, and if it has, can it use the name " Stafford's Ink Eradicator " or " Stafford's Annihilator for Removing Ink " upon the packages or cartons in which the same is inclosed. The learned justice below has held that inasmuch as there was no provision for terminating the contract of March 28, 1904, it is still a subsisting binding agreement, notwithstanding the six months' notice of its termination given by the defendant to the plaintiff on January 16, 1915. In this he is clearly in error. When a contract is not limited as to the time of its duration, it is terminable at the will of either party, upon giving a reasonable notice to the other. (*Outerbridge* v. *Campbell*, 87 App. Div. 597, 599, and cases cited; *Kenderdine Hydro-Carbon Fuel Co.* v. *Plumb*, 182 Penn. St. 463, 469.) As the former contract provided for a termination on a six months' notice, such notice would seem to have been considered by the parties proper and reasonable. The contract was lawfully terminated. The plaintiff had no right thereafter to sell or offer for sale any fluid ink eradicator under the name of S. S. Stafford's Ink Eradicator, he having expressly covenanted to that effect in the contract.

The defendant had the right .to use its own name in its business, unless it had contracted otherwise. To hold that the defendant had agreed never to sell any fluid ink eradicator by the terms of the " fourth " subdivision of the contract renders the remaining provisions of the subdivision unnecessary and meaningless. But if the subsequent portion be read in connection with the first, it provides that the defendant agreed not to sell any fluid ink eradicator or any ink eradicator *in imitation* of the ink eradicator manufactured by the plaintiff or put up in similar boxes, forms or wrappers and labelled

with similar labels.   The charge in the complaint is that the similarity is in the use of the name " Stafford's Ink Eradicator." No other similarity between the defendant's and the plaintiff's product is claimed.   As there was no agreement by the defendant not to use the name and plaintiff has expressly agreed not to use such name, it follows that the complaint does not state facts sufficient to constitute a cause of action.

The interlocutory judgment will be reversed, with costs, the demurrer sustained and the complaint dismissed.   This also calls for a reversal of the order granting the injunction, with ten dollars costs and a denial of the motion.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Judgment reversed, with costs, demurrer sustained and complaint dismissed, with costs.   Order granting preliminary injunction reversed, with ten dollars costs and disbursements, and motion denied.