MORRIS GOTTLIEB, Respondent, *v.* ISIDOR GINS and SIMON GINS, Appellants.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Statute of Frauds — pleading of — actions — contracts — appeal — trial.

> Where, upon the trial of an action for wrongful discharge in which the complaint alleged that defendants employed plaintiff for a year at a weekly salary, it appeared that plaintiff was orally engaged on a Saturday and was told that the year of his employment would begin on the following Monday, and a denial of defendants' motion for leave to plead the Statute of Frauds on the ground that the contract was not to be performed within a year was on appeal held reversible error, and upon the new trial plaintiff, in addition to testifying to his employment on Saturday, told of a further conversation on the following Monday which amounted to nothing more than a request for a written agreement and defendants' reply, no new contract being made, a denial of defendants' motion for leave to plead the Statute of Frauds is error for which a judgment in favor of plaintiff entered upon a verdict will be reversed and a new trial ordered.

APPEAL from a judgment of the City Court of the city of New York in favor of the plaintiff in the sum of $462.24, entered upon the verdict of a jury, and from an order denying motion to set aside the verdict.

Misc.] Appellate Term, First Department, March, 1918.

Israel Grunstein, for appellants.

Max Schleimer, for respondent.

DELEHANTY, J. This is an action for wrongful discharge and has been twice tried. In the first instance plaintiff alleged in his complaint that the defendants employed him as a foreman in their business for one year at a weekly salary of twenty dollars. On the trial it developed that plaintiff was orally engaged on a Saturday and was told that the year of his employment would begin upon the following Monday. Thereupon defendants moved for leave to plead the Statute of Frauds on the ground that the contract was not to be performed within a year. The motion was denied, and exception was taken. Upon appeal the ruling was held to constitute reversible error, and a new trial was granted. *Gottlieb* v. *Gins,* 166 N. Y. Supp. 1041.

In the second trial plaintiff again testified to his employment by the defendant Isidor Gins on the Saturday in question, and in addition thereto told of a further conversation on the Monday that he began work. On this point the record reads as follows: "By Mr. Schleimer: Q. What occurred on Monday following? Mr. Grunstein: I object as incompetent, immaterial and irrelevant. The Court: Overruled. Mr. Grunstein: I take an exception. A. Monday, I said, ' Good morning.' He said ' Good morning.' I said, ' I considered not to work for you, unless you give me a paper or a letter that you are employing me for a year. I shall not have any trouble.' He said, ' Don't worry, go upstairs, start to work, your year starts from today. Nobody will interfere with you.' I stood a few seconds and I thought, and I said, ' all right, I take your word for it,' and I went upstairs to work."

The attorney for the defendants again moved for leave to plead the Statute of Frauds and the following occurred: "Mr. Grunstein: I move to amend the answer to include the Statute of Frauds, on the ground that this contract in the complaint was made March 11th — on or about March 11th, for the term of one year. It appears from the testimony that he was employed March 11th, for one year to commence from Monday thereafter, which is for more than one year; that from the pleadings the defendants could not have apprehended that such would be the testimony and could not be in a position to plead the Statute of Frauds. The Court: The motion is denied to plead the Statute of Frauds. Mr. Grunstein: I take an exception."

I think the court below has again fallen into error. The conversation which took place on the day plaintiff began work amounts to nothing more than a request for a written agreement, and defendants' reply to that request. No new contract was made. The duties of the employee, the amount of his salary, and the mode of payment were not mentioned. All these were governed by the oral transaction of the previous Saturday. In order to constitute a new agreement, in a case like the present, sufficient to take it out of the operation of the Statute of Frauds, it must clearly appear that it was the mutual understanding of the parties that the old contract was given up, or put to an end, and that a new one was accepted in its stead. Such an understanding was not arrived at in this instance either by the words employed by the parties, their acts, or by any logical implication to be drawn from them. *Berrien* v. *Southack,* 26 N. Y. St. Repr. 932; *Bierman* v. *Simon,* 110 N. Y. Supp. 267; *Odell* v. *Webendorfer,* 50 App. Div. 579. Under the circumstances described upon this appeal the transaction

was within the Statute of Frauds, and defendants' motion for leave to plead the same should have been granted.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.

GUY and PHILBIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.