CHARLES EISENBERG et al., Plaintiffs, *v.* ANTHONY SPACHMANN, Defendant.

(Supreme Court, Erie Special Term for Trial of Equity Causes, November, 1921.)

Contracts — specific performance of land contract — Statute of Frauds.

Where only a part of the terms of a contemplated contract is agreed upon with intention that others are to be left for negotiation, there is no meeting of the minds of the parties.

Where all the terms having been agreed upon, nothing remains but to reduce the agreement to writing, the minds of the parties have met even though the formal contract is never executed.

In an action to compel specific performance of a land contract it appeared that the parties having agreed upon the purchase and sale of the premises, then and there signed a writing embodying all the terms of their contract. *Held,* that the writing being sufficient within the Statute of Frauds, was enforcible.

Supreme Court, November, 1921.     [Vol. 117.

The fact that the day after signing the writing, upon the suggestion of defendant's daughter that a contract to sell land must be drawn by a lawyer or a notary public, the parties went to the office of defendant's lawyer who dictated certain additional clauses which though advisable were not in the minds of the parties when they signed the writing, did not affect its validity.

Where defendant upon tendering back to the plaintiff a cash payment made at the signing of the contract, declared the transaction at an end, specific performance of the contract will be decreed.

ACTION for specific performance of a contract for the sale of land.

Jacob Sickerman, for plaintiffs.

Ernest F. Kruse and Fred W. Plato, for defendant.

SEARS, J. The evidence establishes that on the evening of Sunday, March 27, 1921, the plaintiffs, with another person, called at the house of the defendant and had a conversation with him. The defendant was suffering from sciatica, but this did not interfere with his mental powers, or his perfect recollection, upon the trial, of the transactions of that evening. Besides those mentioned, the defendant's daughter, a young woman, was present. The plaintiffs entered into a negotiation with the defendant for the purchase of certain real property which he owned, and, during the negotiation, twice increased the amount of their proposed purchase price, upon the defendant's stating that the amount then suggested was not enough. During the entire conversation, the defendant's daughter urged her father not to sell the property. Despite the urging of the daughter, however, plaintiffs and defendant agreed upon the purchase and sale of the premises, and the man who had accompanied

the plaintiffs, who proved to be a law student, prepared a written instrument which the plaintiffs and defendant signed, which is as follows:

" This is an agreement between Anthony Spachmann, the party of the first part, and Charles Eisenberg and Reuben Eisenberg, the parties of the second part. The party of the first part is to convey the title in the premises known as 1589 Genesee Street for the sum of eight thousand dollars ($8000) ; twenty-eight hundred dollars ($2800) to be paid when title is transferred on or about April 15, 1921, or when search (title search) is searched or completed; fifty dollars ($50) is given as a deposit and a mortgage of fifty-one hundred and fifty dollars ($5150) is held by Mrs. F. Cortes, which is to be paid by party of second part if Mrs. Cortes is unwilling to continue as mortgagee. Party of the first part to remain one month free after transfer.

" Party of first part	ANTHONY SPACHMANN.
" Party of second part	C. EISENBERG.
REUBEN EISENBERG."

The plaintiffs, at the time of signing, paid to the defendant the sum of fifty dollars. Before, or at the time, the instrument was signed, the defendant's daughter said that a contract to sell land must be made before a lawyer or a notary public, and the parties agreed to go to the defendant's counsel's office on the following day to execute a further land contract, to be drawn, presumably, by defendant's counsel. On the next day, the parties went to the office of defendant's counsel, and counsel dictated to his stenographer certain clauses, including a clause in respect to the adjustment of rents, interest, insurance and taxes as of the day of the transfer of possession, a provision in respect to the tenancy in part of

the premises of a person who was a tenant by the month, and a provision was discussed in relation to a survey. The defendant, thereupon, refused to deliver a survey, and the parties left the office to meet again the following Wednesday. At the meeting on Wednesday, the defendant tendered back to the plaintiffs the fifty dollars which had been paid by plaintiffs to the defendant on the Sunday previous, and declared the transaction at an end.

This action is brought for the specific performance of the contract which the plaintiffs claim was embodied in the instrument signed on Sunday night, and quoted above. It is the contention of the defendant that the minds of the parties never met; that there was never any completed contract, but that the whole matter, including the writing quoted above was but a part of a negotiation which was to culminate in a formal- instrument to be drafted by counsel the following day.

It is well established that if only a part of the terms of a transaction is agreed upon and others are intended to be left for subsequent negotiation, there is no meeting of the minds. *Brown* v. *N. Y. Central R. Co.,* 44 N. Y. 79; *Spielvogel* v. *Veit,* 197 App. Div. 804; 1 Williston Cont., § 28.

It is also equally well settled that where all the terms are agreed upon, and nothing remains but the formal reduction of the agreement to writing, or to a more formal writing, the minds have met, even though the formal contract is never, thereafter, executed. *Sanders* v. *Pottlitzer Bros. Fruit Co,* 144 N. Y. 209; *Pelletreau* v. *Brennan,* 113 App. Div. 806; *Disken* v. *Herter,* 73 id. 453; affd., 175 N. Y. 480. In which one of these classes does this case fall?

In the evidence of the negotiations on Sunday night nothing was stated to be left for future determina-

tion. The reason given for going to the defendant's counsel was that a contract might be executed which would be legally binding, and the contract which was to be executed according to the undertaking of the parties was the contract which had been agreed upon in defendant's house. Certain additional clauses were, perhaps, advisable, but they were not in the minds of any of the parties on Sunday night, nor does it seem that any of the parties deemed that anything except what they had agreed upon was essential. The defendant's daughter was, of course, mistaken in believing that such a contract must be executed before a notary public or a lawyer, but that does not affect the validity of the instrument which was drawn. The writing embodies all the terms of the contract. It is sufficient within the statute of frauds, and is enforcible in this action. The full description of defendant's property is contained in the complaint, and admitted by the answer. *Pelletreau* v. *Brennan, supra; Waring* v. *Ayres,* 40 N. Y. 357.

A decision directing judgment for specific performance will be signed.

Judgment accordingly.