UNITED CHEMICAL AND EXTERMINATING Co., INC., Appellant, *v.* SECURITY EXTERMINATING CORP., Respondent.

First Department, February 7, 1936.

*Maurice Knapp* of counsel [*Samuel S. Allan* with him on the brief; *Weisman, Quinn, Allan & Spett,* attorneys], for the appellant.

*Edward L. Kelly* of counsel [*Reginald S. Hardy* with him on the brief], for the respondent.

UNTERMYER, J. The complaint, which has been dismissed as insufficient in law, alleges that the plaintiff is a domestic corporation engaged in the business of vermin extermination. It is alleged that on April 19, 1933, the plaintiff entered into a contract with the defendant, a domestic corporation engaged in the business of soliciting customers who require the extermination of vermin, whereby the defendant granted to the plaintiff the exclusive right to service all the defendant's accounts for a stated compensation to be paid by the defendant, and the plaintiff agreed to render these services to the defendant's customers " during the term of the agreement." It is then alleged that " it was further agreed between the plaintiff and the defendant herein that the term of such agreement was to continue in full force and effect from the 19th day of April, 1933, until and unless abrogated, cancelled and annulled by the consent of both of the parties thereto." Thereafter the defendant attempted to terminate the contract without the plaintiff's consent, refused to permit the plaintiff to perform the work and employed others for that purpose.

The Special Term granted the defendant's motion to dismiss the complaint upon the ground that " the contract by its terms was terminable at the will of either party. The agreement as to the consent of both parties with respect to its termination is not enforcible." If the contract contained no provision as to duration we agree that it would constitute a contract at will. (*Martin* v. *N. Y. Life Ins. Co.,* 148 N. Y. 117; *Watson* v. *Gugino,* 204 id. 535; *National Cash Register Co.* v. *Remington Arms Co., Inc.,* 212 App. Div. 343; affd., 242 N. Y. 99.) Again, if it provided for a definite term, we would agree that a provision for cancellation by mutual consent would have added nothing of substance to the contract, because such a condition would then be implied by law. But the contract here is of neither class. Its duration, though not measured by months or years, is to be determined by the occurrence of an event which is none the less an event because it depends on concurrent action by the parties themselves. Such a contract is not too indefinite to be enforcible, even though it is impossible to predict exactly when the contingency will occur by which it will be terminated. (*Jugla* v. *Trouttet,* 120 N. Y. 21; *Ehrenworth* v. *Stuhmer &*

*Co.*, 229 id. 210.) Here, on account of its inherent nature, the contract can in no event continue beyond the corporate existence of the defendant, for the defendant did not agree to employ the plaintiff to perform any specific quantity of work. It agreed only that the plaintiff should perform all the work of this particular character which the defendant might cause to be done and, therefore, it would not be liable to the plaintiff if it discontinued business or were dissolved as a corporation. (*Jugla* v. *Trouttet, supra.*) That however, is not the situation which is described in the complaint. In the situation which is described, we perceive no reason to deny to these corporate parties the right to make and enforce contracts with one another which are intended to continue throughout the corporate life of either or both (*Franklin Telegraph Co.* v. *Harrison,* 145 U. S. 459; *Llanelly Ry. & Dock Co.* v. *London & N. W. Ry. Co.,* 8 L. R. Ch. App. 942; affd. by House of Lords, L. R. [Eng. & Ir. App.] 7 H. L. 550), unless rescinded by mutual consent. On the contrary, there is reason to believe that such contracts may frequently be necessary for the joint protection of contracting parties.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of order with notice of entry, upon payment of said costs.

MARTIN, P. J., and O'MALLEY, J., concur; DORE and COHN, JJ., dissent and vote for affirmance.

DORE, J. (dissenting). Plaintiff appeals from an order dismissing the amended complaint and granting leave to plead over, if plaintiff can show its right to damages up to the time the contract was ended. The action is at law for alleged breach of a contract granting plaintiff, a corporation, the exclusive right to perform certain services for defendant's customers. The contract contained a clause providing that it was to continue from the date of entry until annulled by the consent of both parties. The court at Special Term held that the contract, by its terms, was terminable at the will of either party, and that the agreement as to the consent of both parties with respect to termination was not enforcible.

The clause in question, concerning termination by mutual consent, was, at best, surplusage, as the law incorporated such a clause into this commercial contract without any express agreement to that effect.

An agreement that a contract will continue until annulled by mutual consent is not the same as an agreement to continue while the parties carry on a specific business. The latter clause imports a definitive element and has been sustained. The clause in question, as an effort to limit the term of the agreement, is void for

indefiniteness, and, therefore, the agreement was terminable by either party. To have an enforcible agreement for the termination of a contract, either party should be able, as against the other, to compel enforcement on the happening of the predetermined and defined event. Obviously, here, neither party could coerce or enforce " the consent " of the other. The termination clause is, by its own terms, unenforcible. I, therefore, dissent and vote to affirm.

COHN, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.