ELIZABETH JONES and MARVIN JONES, Appellants, v. RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.— In an action by plaintiff wife against the owner of a tenement house to recover damages for personal injuries allegedly caused by a defective window, and by plaintiff husband to recover damages for loss of services, etc., plaintiffs appeal from an order granting defendant's motion, made at the close of plaintiffs' case, to dismiss the complaint and from the judgment entered thereon. Order and judgment of the County Court, Westchester County, reversed on the law and a new trial ordered, with costs to appellants to abide the event. The answer admitted that the property was a tenement house. The proof showed that defendant, after notice, failed to keep the premises in repair as required by section 102 of the Tenement House Law, thereby casting liability upon it unless plaintiff wife was guilty of contributory negligence. (*Altz* v. *Leiberson*, 233 N. Y. 16.) Contributory negligence is a question of fact for a jury. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur. [See *post*, p. 967; 264 App. Div. 725.]

ANNA B. KEATING and THOMAS R. KEATING, Respondents, v. EDWARD M. BLAKE and Another, Defendants, and FREDERIC GODFREY, INC., Appellant.— Plaintiffs were tenants in a private dwelling owned by the defendant Edward M. Blake and managed by the landlord's agent, Davenport Real Estate Company, Inc. At the entrance to the basement there was an iron gate, which the landlord, although not obligated to do so, agreed to repair and employed the defendant Frederic Godfrey, Inc., an independent contractor, to make the repairs. While plaintiff-wife was leaving the basement the gate fell upon her and she sues to recover damages for the injuries sustained, and her husband sues for loss of services and expenses. The complaint was dismissed as to the owner and the agent, and the jury found in favor of the plaintiffs against the independent contractor, which appeals. Judgment and order unanimously affirmed, with costs. While the independent contractor denies that it repaired the gate, there was evidence from which the jury could find that it did so and, before the repairs were completed, that its mechanic left the gate in an unsafe and dangerous condition. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

DAVID KRASILOVSKY, Respondent, v. KRASILOVSKY BROS. TRUCKING CORP., Appellant.— In an action on contract, defendant appeals from an order denying its motion for judgment on the pleadings dismissing the complaint for insufficiency. Order affirmed, with ten dollars costs and disbursements. The contract in suit, by which the defendant corporation employed plaintiff as president, has a definite duration and is, therefore, not a contract of employment at will. (*Watson* v. *Gugino*, 204 N. Y. 535, 541; *United Chem. & Exterm. Co.* v. *Security Exterm. Corp.*, 246 App. Div. 258, 259.) Since the directors of the defendant corporation are its sole stockholders, the agreement is legal. (*Fells* v. *Katz*, 256 N. Y. 67, 71-73; *Clark* v. *Dodge*, 269 id. 410, 415, 416.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.