HARRY FEIBISH, Respondent, *v.* PAUL KALINER, Appellant.

First Department, December 12, 1947.

*Leo Sandler* of counsel (*Charles H. Kelman*, attorney), for appellant.

*B. S. Kanton* of counsel (*Alice Ehrenfeld* with him on the brief; *Frederick E. M. Ballon,* attorney), for respondent.

*Per Curiam.* Defendant appeals from a judgment in the sum of $4,700, with interest and costs, which has been entered against him in favor of the plaintiff on the verdict of a jury. The sole issue before the jury was whether plaintiff and defendant entered into an employment contract during the first week of January, 1945, whereby plaintiff was to be paid a bonus of $5,000 on December 31, 1945, in addition to his regular salary of $110 a week. Plaintiff claims that his hiring was for fifty-one weeks (from January 8 through December 31, 1945), that he was wrongfully discharged March 5, 1945, but that he secured employment elsewhere which, by December 31, 1945, paid him $300 more than he would have received from the defendant at $110 a week during that interval. This $300 has been credited against the $5,000 bonus alleged to have been payable by defendant, thus making the recovery in the sum of $4,700 as aforesaid.

Defendant, appealing from this judgment, contends that a verdict should have been directed in his favor, upon the ground that there is no evidence of the existence of any contract by defendant to employ plaintiff until the end of 1945, or for any other definite period of time, or to pay him any bonus whatsoever. Defendant asserts that his hiring of plaintiff was at will, and that he had the right to discharge the plaintiff at any time. (*Watson* v. *Gugino,* 204 N. Y. 535; *Martin* v. *New York Life Insurance Co.,* 148 N. Y. 117; *United Chemical & Exterminating Co.* v. *Security Exterminating Corp.,* 246 App. Div. 258.)

We think that this contention by the defendant-appellant is correct, and that the complaint should have been dismissed on the law at the close of the evidence. There was no written agreement, and the only evidence of an oral agreement consists of the following conversation between plaintiff and defendant, as testified to by plaintiff:

" He [defendant] says, ' How about $100 a week? '

" I says, ' No, that is out of the question.'

" I says, ' I can't get by.'

" He says, ' How about $110 a week? '

" I says, ' I'll try.'

" He says, ' *But I do promise you one thing, as soon as we get into production and everything is organized I'll raise your salary and I'll see that you make $10,000 a year by the end of the year, a sort of a bonus.*'

" So I have agreed." (Italics supplied.)

This was not a promise to employ plaintiff for a year, or for any length of time. It was not an agreement to pay to plaintiff an accumulation of $10,000 by the end of the year, even if he were still to be working for defendant at that time. It meant that it was anticipated that the arrangement would work out so that plaintiff would be earning *at the rate of* $10,000 a year by the end of the year, if he were then still in the employ of the defendant. Under no tenable construction could it have meant that defendant was obligated to pay $10,000 in 1945. The language used was, at most, a statement by defendant of the earning potentiality of the job, and not of how long plaintiff was to be employed, or of how much he would earn in this particular year.

The judgment appealed from should be reversed, with costs and the complaint dismissed, with costs.

GLENNON, J. P., DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed, with costs and the complaint dismissed, with costs.