MURRAY WARRIN, Plaintiff, *v.* CHARM FASHIONS, INC., et al., Defendants.

Supreme Court, Trial Term, New York County, February 19, 1948.

*Henry E. Alexander* and *Irving Bloomberg* for plaintiff.

*Samuel Justin Jackman* for defendants.

BENVENGA, J. This is an action on an oral contract of employment, alleged to have been made on April 14, 1947, for a term of one year commencing on that date. The question presented is whether the contract is within the Statute of Frauds and unenforcible, on the ground that, by its terms, it was not to be performed " within one year from the making thereof " (Personal Property Law, § 31). Defendants assert that the contract was made on March 30, 1947, and that the one-year period began to run from that date. Plaintiff, on the other hand, contends that the contract was made on April 14, 1947.

It is not disputed that, on March 30th, the parties discussed the question of the plaintiff's employment; the defendant corporations being represented by its president and vice-president, respectively. Nor is it disputed that, at that time the plaintiff was employed and that he was to be employed by the defendants, if at all, sometime in the future. There is conflict in the evidence, however, as to when the contract was entered into, and as to whether it was to be for a term of one year or a hiring at will. There is no doubt that, with the exception of the question of salary, the terms of the contract were virtually agreed upon on March 30th.

Plaintiff testified that, in the course of negotiations on March 30th, it was agreed to reduce the agreement to writing; that, on April 14th, when he reported for work, he was disappointed to learn that the contract had not been prepared; that when he demurred, Mr. Schwartz, defendants' president, shook hands with plaintiff and assured him that he had a contract until April 14, 1948 — the year following.

Schwartz denied that there was any understanding that the contract was to be reduced to writing; but admitted that, except for the salary, the terms of employment were agreed upon on March 30th, and that, on April 14th when the plaintiff appeared for work, the question of salary was finally settled.

White, defendants' vice-president, testified to the same general effect. He denied that there was any understanding that the contract was to be put in writing, but admitted that, on April 14th, the contract "was confirmed" in a conversation in which all of its terms were gone over.

In short, the evidence is that, while negotiations for the contract were started on March 30th, the terms and conditions of employment were not definitely and completely agreed upon until April 14th, when the question of salary was finally settled, and plaintiff was assured that he had a contract for a year beginning on that day.

It is well settled that, in order that there may be a valid and enforcible contract, there must be a meeting of the minds of the contracting parties upon all the essential terms and conditions of the contract (*Watts* v. *Carter & Sons,* 207 App. Div. 656, 659). "'There is no contract so long as any essential element is open to negotiation.'" (*Varney* v. *Ditmars,* 217 N. Y. 223, 231–232.) If the contract is indefinite and incomplete in respect to any material term or condition, or still open to negotiation, as, for instance, as to salary or compensation, then there is no valid and enforcible contract (*United Press* v. *New York Press Co.,* 164 N. Y. 406, 412–413; *Varney* v. *Ditmars, supra,* pp. 228–232).

It is important to distinguish between preliminary negotiations leading to a contract and the completed contract itself. There is no meeting of the minds of the parties until all the essential terms and conditions of the contract have been definitely and completely agreed upon (1 Williston on Contracts [Rev. ed.], §§ 27, 28). "If only a part of the terms of a transaction is agreed upon and others are intended to be left for subsequent negotiation, there is no meeting of the minds." (*Eisenberg* v. *Spachmann,* 117 Misc. 109, 112, per Sears, J.) "The mere expectation that a contract will be entered into and the fact that negotiations have been made to carry that expectation into effect do not constitute a contract." (1 Williston on Contracts [Rev. ed.], § 27, p. 59; *Camp-of-the-Pines* v. *New York Times Co.,* 184 Misc. 389, 395.)

Applying these principles, it has been held that a contract is not deemed to be made within the meaning of statutes similar

to section 31 of the Personal Property Law until there has been a definite meeting of the minds of the contracting parties upon all the essential terms and conditions of the contract (*Gurwell* v. *Morris,* 2 Cal. App. 451, 453; *Sosbee* v. *Clark,* 86 Okla. 198, 200; *Zwolanek* v. *Baker Mfg. Co.,* 150 Wisc. 517, 524; 37 C. J. S., Frauds, Statute of, § 43).

It is clear, therefore, that the contract of employment here involved was not made and completed until April 14th, when the plaintiff reported for work, and the question of salary was finally agreed upon. Prior to that time there was no contract, but only preliminary negotiations which finally culminated in the contract.

Defendants rely upon the cases of *Parver* v. *Matthews-Kadetsky Co.* (242 App. Div. 1, 3); *Odell* v. *Webendorfer* (50 App. Div. 579, 581); *McGovern* v. *Elize, Inc.* (137 Misc. 599, 601), and *Gottlieb* v. *Gins* (102 Misc. 686, 688). These cases hold that an oral contract of employment to commence on a future day is within the Statute of Frauds and unenforcible; that, to take the contract out of the operation of the statute, it is necessary that there be a renewal of the contract in express terms within the year, and that it is not sufficient that the contract be merely " restated or confirmed without modification " (*Parver* v. *Matthews-Kadetsky Co., supra,* p. 3).

While the principles laid down in these cases are well settled, they are inapplicable to the situation here presented. Here, the contract was not made on March 30th, and restated and confirmed without modification on April 14th. On the contrary, preliminary negotiations leading to the contract were started on March 30th and the contract was not made and completed until April 14th.

The motion to dismiss the complaint and set aside the verdict of the jury is accordingly denied. Defendants may have thirty days' stay of execution and sixty days to make and serve a record on appeal.