Respondent. (Action No. 3.) (Consolidated actions.) — In three actions, consolidated and tried together, to recover damages for personal injuries, the evidence shows that the plaintiffs' truck was parked so that part of it projected on to the right side of the paved portion of a public highway and that it was struck in the rear left corner by the defendants' truck, as a result of which plaintiffs were injured. Shortly theretofore the plaintiffs' truck, had been struck by a passenger automobile which came to rest partly on the left portion of the paved highway. The defendant driver testified that he could see the passenger car on the left but could not see the plaintiffs' truck on the right because it was obscured by shadows and because the sun shone directly into his eyes. At the trial the plaintiffs conceded that the evidence presented a question of fact as to the defendant driver's negligence. The trial justice submitted that question, and the question of contributory negligence of two of the plaintiffs, to the jury under a charge to which plaintiffs did not except. The jury found a verdict in favor of defendants. Plaintiffs appeal from the judgment entered thereon and from the order denying their motion to set the verdict aside and for a new trial. Judgment and order affirmed, with costs. No opinion. Adel, Acting P. J., MacCrate, Beldock and Murphy, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: It was the claim of the defendant Hill, who was the operator of the truck owned by the defendant Ferrigan, Inc., that the reason his truck came into collision with the parked highway truck was that " Just as I hit that bend, why, the sun got in my eyes, and the glare from the sun blinded me." In order to accept this story the jury had to disregard entirely the photographic evidence in the case and the marks placed thereon by the defendant Hill. Plaintiffs' exhibits " 1 " and " 3 " particularly indicate that the arc around which the defendant's truck came was one of at least 45 degrees so that the sun was not always in the eyes of the driver. The markings on plaintiffs' exhibit " 1 " indicate the position of the sun and the spot where the defendant driver says it blinded him. What was within the focus of the camera lens would have been visible to the human eye, and the driver should have seen the highway truck long before the spot where he claims he was dazzled by the sun. His testimony (which constitutes the entire defense) that he never saw the highway truck before he came into contact with it is incredible as a matter of law.

■

· KATHERINE HOSL, Appellant, et al., Plaintiff, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained when appellant fell on an icy pavement at a crosswalk, judgment for respondent unanimously affirmed, with costs. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

■

JULIUS HURWITZ et al., Respondents, v. WILLIAM GLEICHER, Appellant, et al., Defendant.— In an action to recover damages for breach of a partnership contract, under which the appellant agreed to permit the use of machinery owned by him, the jury rendered a verdict in favor of respondents. Amended judgment, insofar as appeal is taken, reversed on the law, with costs, and complaint dismissed. If this court were not ordering dismissal of the complaint a new trial would be granted for reasons stated below. The contract is unen-

forcible because prices for the work are indefinite and to be agreed upon, and no standard or formula is agreed upon for determining such prices. · As to prices for the first three months of the contract term and prices thereafter actually agreed upon, it might be held that the contract was enforcible and that the parties made their own construction thereof. But as to subsequent prices the evidence shows that the parties could not reach a practical construction of the contract. The verdict is against the weight of the evidence insofar as it finds that the conduct of the appellant put respondents Florentine Marble Corporation and Park Marble Corp. out of business. Remedies for appellant's interference with the rights of the processing corporation were available, and were to some extent pursued. That corporation ceased to function because of lack of funds and because it was dispossessed by the landlord. There is no proof of any attempt by respondents to mitigate damages. It was against the weight of the evidence to find, if it was so found, that respondents could not get the polishing work done elsewhere. No attempt was made to show the difference between the contract price and other prices of having the work done, nor what the contract price was for the period for which damages are asserted. It was error to charge the jury that the test of breach of the contract under the proof in this case was whether or not the appellant acted as a reasonable man, and error to charge as a matter of law that certain acts by appellant were unreasonable. The test in this case was whether or not the appellant breached the contract in such a way and to such extent as to ruin the processing corporation and make it impossible for the other respondents to get the work done elsewhere and continue in business. It was error to deny the motion to dismiss the complaint of respondent Florentine Marble Corporation, inasmuch as it had no rights under the contract. The evidence that both corporate respondents were damaged by loss of prospective profits, caused by the appellant's conduct, is so speculative as to amount to no evidence. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

In the Matter of LIBERAL CIVIC CLUB, INC., Respondent, against PETER POLI, Appellant.— Respondent on this appeal, a domestic membership corporation and which is the product of a consolidation of two constituent domestic membership corporations (Membership Corporations Law, art. VII), instituted this proceeding against appellant, who was the last treasurer of one of the said constituent membership corporations, to compel him to turn over to it certain bank books, and all other moneys, books and records which formerly belonged to said constituent corporation; and appellant made a cross motion to vacate the order of the court which had approved the certificate of consolidation. The appeal is from an order granting respondent's application and denying appellant's cross motion. No objection was raised with respect to the form of the proceeding. Order affirmed, with $10 costs and disbursements. Since it is undisputed that one of respondent's corporate objects and purposes is to maintain a mutual assistance fund for the benefit of its members, which is the same as that which appellant claims was the prime corporate purpose of the constituent corporation of which he was a member and treasurer, Club Giuseppe Verdi, Inc., he may not be heard to complain that the purposes of the two constituent corporations were not, as contemplated by section 50 of the Membership Corporations Law, "kindred" (cf. *Matter of Young Women's Assn.,* 169 App. Div. 734). Although the votes cast at the meeting of Club