G. Robert Witmer, J.
Defendant has moved to transfer the above-entitled case from Monroe County Court to this court on the grounds that defendant has interposed a counterclaim in the amount of $36,000 and that a party to the agreement involved in the counterclaims is a foreign corporation which defendant intends to implead, if possible. No objection is made by the plaintiff to this motion; and the same is granted.
The plaintiff makes cross motions (1) to dismiss defendant’s two counterclaims on the grounds that they do not state facts sufficient to constitute a cause of action, and (2) for summary judgment. Defendant concedes that except for his counterclaims he owes plaintiff the sum of $5,698.68.
In the first counterclaim defendant alleges that in June, 1952 he entered into an oral agreement with plaintiff and Arthur B. Morgan, Jr., and the James E. Stark Company, the latter being a foreign corporation of Memphis, Tennessee, whereby the plaintiff corporation, Morgan individually, and the Stark Company granted to defendant ' ‘ the exclusive right to sell Stark Brand strip flooring, manufactured by the said James E. Stark Company, in the Rochester, New York area; that said James E. Stark Company and Arthur B. Morgan, Jr., individually, and plaintiff, (agreed that they) would sell and deliver at defendant’s place of business in such quantities as defendant may require from time to time, dependent upon economic conditions, and on the quality of flooring produced; that during continuance of the agreement defendant agreed not to purchase and sell *500 lVs" strip flooring from any other source, such agreement to commence immediately and to terminate only upon the mutual agreement of the parties involved ”. Defendant alleges that in reliance upon the agreement he spent large sums of money in promoting Stark Brand products and in warehousing and selling same, and did not buy any one and one-third inch strip flooring from any other source; but that in the spring of 1956 plaintiff corporation, Morgan individually, and James E. Stark Company notified defendant in writing of their termination and breach of said agreement, and that since then they have sold their products in the Rochester area in violation of the agreement, to defendant’s damage.
It is not contended that the Statute of Frauds applies to this oral contract, and properly so. (Suslak v. Rokeach & Sons, 269 App. Div. 779, affd. 295 N. Y. 799; Jones v. De Muth Glass Works, 271 App. Div. 840.)
Plaintiff asserts that the alleged agreement was too indefinite to constitute a valid contract.
The alleged agreement is indefinite as to (1) the Stark products embraced (except as to one and one-third inch Stark Brand strip flooring), (2) the price, (3) the quantities, (4) the quality, and (5) the duration of the alleged contract. Although defendant makes general reference to the products of the James E. Stark Company, the alleged agreement specifies only Stark Brand strip flooring, and defendant’s agreement to buy one and one-third inch strip flooring from no other source suggests that the whole agreement may have been limited to such width of flooring. No price, quantity or quality was specified except insofar as the specific name brand may amount to a specification of the usual quality of such brand; but the allegation of dependency upon quality raises doubt in that respect.
The defendant seeks to hold plaintiff to a contract, therefore, the terms of which have not been clearly alleged; and the question is whether enough has been alleged to withstand this motion. In considering this matter we cannot overlook the fact that the parties operated under the alleged agreement for nearly four years, and hence they must have been pretty well in accord as to its terms, except as to its duration. Of course, the parties could have done business at will during such years without any binding contract, so long as no problem arose as to their legal rights. But defendant now seeks to enforce the contract (or obtain damages for its breach) against plaintiff’s will.
Although the contract is indefinite concerning the quantities, that is, “ as defendant may require from time to time ”, such provisions have been held sufficiently definite. (Wells v. Alex *501 andre, 130 N. Y. 642; Edison Elec. Illuminating Co. v. Thacher, 229 N. Y. 172; Ehrenworth v. Stuhmer & Co., 229 N. Y. 210, 219; Schlegel Mfg. Co. v. Cooper’s Glue Factory, 231 N. Y. 459, 462; Atlantic Metal Prods. v. Minskoff, 267 App. Div. 1002, affd. 295 N. Y. 566.) It is true that real doubt exists, from the allegations of the counterclaim, as to whether the product in question was solely one and one-third inch Stark Brand strip flooring, but even if limited to that, the counterclaim would be sufficiently definite in that respect to sustain the pleading. The question of price, however, poses a larger hurdle. Suppose plaintiff says “ Yes, I’ll continue the contract for a reasonable time, but it only refers to 1%" Stark Brand strip flooring, and the price thereof will be 50% more than heretofore ”?
It is possible, and in view of the four years of business under the contract it is very probable, that the parties had some agreement as to price, but none is alleged. Possibly the product is of national scope and the price was to be fixed without reference to defendant’s needs or the quantities purchased, but such isn’t alleged. Nothing is alleged about terms of payment or discounts. Possibly there was some formula agreed upon for determining price, but none is alleged. In this respect, therefore, the contract as pleaded is fatally defective (Hurwitz v. Gleicher, 284 App. Div. 1056, affd. 309 N. Y. 699; Musco v. Pares, 2 A D 2d 689; Bogy v. Berlage, 265 App. Div. 249; Lambert v. Hays, 136 App. Div. 574; Warrin v. Charm Fashions, 193 Misc. 229, affd. 275 App. Div. 815; 1 Clark on New York Law of Contracts, § 64).
Since a binding arrangement as to price may be made in various ways, and since this is an oral contract, the defendant should be permitted to amend to plead additional facts, if any there are, to show that the matter of price had been agreed upon (see Varney v. Ditmars, 217 N. Y. 223, 228; Sun Printing & Pub. Assn. v. Remington Paper & Power Co., 201 App. Div. 3; Becher v. National Cloak & Suit Co., 128 App. Div. 423), unless because of indefiniteness of duration the alleged contract must fall anyway; and we now turn to the matter of duration of the contract.
In considering the question of duration we shall assume that the pleading sets forth a valid contract in all respects, except for its term. On this subject the sole question is whether or not the plaintiff had the right to terminate the contract at will, effective at once, without prior notice to the defendant.
Defendant contends that the plaintiff could not cancel the contract without giving him reasonable notice under the circumstances; and claims that a reasonable time in such notice *502 for the effective date of termination would have been until December 31, 1956. Included in the circumstances involved are the amount of money and effort expended by defendant to promote the sale of plaintiff’s products, and the four-year period that the contract had run prior to its cancellation.
There is no doubt as to the validity of such a contract as alleged if it has a provision for its existence for life (Suslak v. Rokeach & Sons, 269 App. Div. 779, affd. 295 N. Y. 799, supra), or so long as the parties stay in business (Jugla v. Trouttet, 120 N. Y. 21, 27; Ehrenworth v. Stuhmer & Co., 229 N. Y. 210, supra; Jones v. De Muth Glass Works, 271 App. Div. 840, supra, and see complaint par. 2), or as long as the plaintiff remains a stockholder in defendant corporation (Krasilovsky v. Krasilovsky Bros. Trucking Corp., 263 App. Div. 898, par. 2 of complaint) or even where it is implied in law that the corporate parties meant the contract to continue throughout the corporate life of either or both unless rescinded by mutual consent (United Chem. & Exterminating Co. v. Security Exterminating Corp., 246 App. Div. 258).
It is also clear that a contract which has no term of existence is terminable at will. (Watson v. Gugino, 204 N. Y. 535, 541; Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312; Van Slyke News Agency v. News Syndicate Co., 207 App. Div. 736, appeal dismissed 249 N. Y. 602; Conrad v. Golden, 275 App. Div. 946, revg. 79 N. Y. S. 2d 349 which had followed United Chem. & Exterminating Co. v. Security Exterminating Corp., 246 App. Div. 258, supra; Outerbridge v. Campbell, 87 App. Div. 597; Cronk v. Vogt’s Ice Cream, 15 N. Y. S. 2d 649.)
No term is specified in the contract alleged in the counterclaim herein, it being provided only that it should ‘ ‘ commence immediately and to terminate only upon the mutual agreement of the parties involved ”. Surely defendant does not contend that the agreement should be enforcible forever, subject to agreement to terminate it; and the agreement being oral, it is probable that defendant means to plead that the contract was to continue during the mutual agreement of the parties thereto.
In Clark Paper & Mfg. Co. v. Stenacher (236 N. Y. 312, 315, supra) the agreement of employment was ‘ ‘ for a period of time, to be mutually agreed upon ” by the parties, and after plaintiff worked for three years, the court held that the contract was incomplete, as merely an agreement to agree. In Conrad v. Golden (275 App. Div. 946, supra) the contract under which the plaintiff was to be the exclusive broker for the sale of defendant’s homes provided that it should continue “ ‘ until dissolution by mutual consent of the parties hereto ’ ” (79 N. Y. S. *503 2d 349, 350, and see Record on Appeal No. 18358, [9], par. 4, page 10) and the appellate court held that such quoted provision was '‘ mere surplusage, and the contract, without a term of its duration, was terminable at will ’’. In United Chem. & Exterminating Co. v. Security Exterminating Corp. (246 App. Div. 258, 259, supra) defendant granted to plaintiff the exclusive right to service all of defendant’s accounts and plaintiff agreed to service them “ during the term of this agreement ”, which was to begin on the day it was made and continue until can-celled ‘ ‘ by the consent of both of the parties hereto ’ ’. Special Term dismissed the complaint on the ground that the contract was terminable at will. The Appellate Division reversed and held the contract to be valid, stating ' ‘ we perceive no reason to deny to these corporate parties the right to make and enforce contracts with one another which are intended to continue throughout the corporate life of either or both * * * unless rescinded by mutual consent ” (p. 260). Thus the court found in the complaint an intent, expressed or implied, that the contract should continue for life unless rescinded by mutual consent. Defendant in the case at bar makes no claim that the contract alleged was intended to run for the life of the parties or so long as they remain in business, but urges merely that he has the right to reasonable notice of a future termination date. Bailey v. S. S. Stafford, Inc. (178 App. Div. 811, 815) supports this contention.
In Williston on Contracts ([Rev. ed.], Vol. 4, § 1027A) the author discusses this subject and states that the law should be, and is in many States, that where there is a contract with no definite time fixed for determination, there is implied a reasonable time after notice. (See, also, Restatement, Agency, § 442, Comment c.) He does not, however, deal precisely with the situation at bar, wherein the alleged agreement is to terminate only upon the mutual agreement of the parties, but certainly the latter is at least as strong a case for the adoption of the reasonable notice rule. Professor Williston notes that the courts have been less willing to apply the reasonable notice rule in employment contracts than in the case of business contracts. In one decision in this State it has been asserted that there is no basis for such a distinction (Cronk v. Vogt’s Ice Cream, 15 N. Y. S. 2d 649, 652, supra), and an examination of the cases cited above reveals that some of each type have been upheld and, contrariwise, some of each have been held to be void as terminable at will without notice.
Concerning the contract in suit, if we treat the provision for termination upon mutual agreement as “mere surplusage” *504 (Conrad v. Golden, 275 App. Div. 946, supra) the agreement is one at will. Defendant alleges that in reliance upon the agreement he “ spent huge sums of money in promoting the products of the James E. Stark Company, and in warehousing and selling said products ”. Thus he has alleged a detriment which, if established, should entitle him to reasonable notice of termination of the contract. In Jones v. De Muth Glass Works (271 App. Div. 840, supra) the plaintiff alleged in the second cause of action of his complaint, as defendant has alleged here, that he spent a large amount of money preparing to perform and in performing his part of the agreement. In his opinion at Special Term, Kleinfeld, J., said (App. Div. Record on Appeal, p. 40, fols. 118-119), “ Defendant says that since the written agreement does not specify its term or duration, it is terminable at will. Such is the general rule. Where, however — as it appears above — one of the parties to the knowledge of the other has substantially changed his position in reliance upon the contract, the law requires reasonable notice of termination to meet the demands of justice and fair dealing. A definitive ruling upon this issue again requires a full development of the circumstances at a trial”.
The Appellate Division said, “ The second cause of action is also sufficient ”, and cited various authorities, including Williston on Contracts ([Rev. ed.], Vol. 4, § 1027A). As noted earlier, however, in the Jones case it was alleged that the contract was to continue so long as both parties should remain in business. That feature clearly established a contract with an ascertainable duration, and the plaintiff had a contract right to have the agreement continue, and reliance upon the rule of reasonable notice of termination was hardly necessary. In Conrad v. Golden (275 App. Div. 946, supra) the plaintiff did not allege that he had gone to great expense to prepare to act and in acting under the contract.
I hold .that where it is alleged that the parties entered into a business sales contract and that the buyer expended substantial sums to prepare to sell, to warehouse and to sell some of seller’s products thereunder for a period commencing immediately and to terminate only upon their mutual agreement, and the parties perform under such contract for nearly four years, the buyer is entitled to reasonable notice of the seller’s termination of the agreement (Suslak v. Rokeach & Sons, 269 App. Div. 779, affd. 296 N. Y. 799, supra; United Chem. & Exterminating Co. v. Security Exterminating Corp., 246 App. Div. 258, supra; Bailey v. S. S. Stafford, Inc., 178 App. Div. 811, supra; and see Weisman v. Awnair Corp. of America, 2 A D 2d 685), and that *505 the first counterclaim, if amended to state agreement as to price, will state a good cause of action, entitling defendant to a trial of the issues raised. Plaintiff’s motion to dismiss the first counterclaim, therefore, is granted with permission to the defendant to amend.
Plaintiff’s motion to dismiss the second counterclaim on the ground that it is alleged that the alleged coconspirators were all parties to the contract, is granted (Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495). Since the defendant asserts that he anticipates that some of the alleged parties to the contract will deny that they were parties thereto, he will be allowed to amend to plead appropriately (Hornstein v. Podwitz, 254 N. Y. 443).
Plaintiff’s motion to dismiss both counterclaims is, therefore, granted with permission to defendant to amend. Plaintiff’s motion for summary judgment is denied.
Submit order accordingly.